City of Philadelphia Board of Pensions and Retirement, Appellant *v.* George Bordley, Appellee.

City of Philadelphia Board of Pensions and Retirement, Appellant *v.* Lila Bordley, Appellee.

Submitted on briefs June 4, 1984, to Judges WILLIAMS, JR., DOYLE and PALLADINO, sitting as a panel of three.

*Ralph J. Teti,* Deputy City Solicitor, for appellant.

*Eugene A. Spector,* with him, *Lawrence G. Metzger, Gross & Sklar, P.C.,* for appellee.

OPINION BY JUDGE PALLADINO, September 4, 1984:

The Philadelphia Board of Pensions and Retirement (Board) appeals from a decision of the Court of Common Pleas of Philadelphia County which reversed in part and affirmed in part the decision of the Board in this consolidated case.

The issue in this case is centered upon the disposition of the pension benefits of George Bordley, Jr. (decedent), a Philadelphia city employee who died on November 20, 1980. The two parties claiming eligibility for the benefits are George Bordley, the decedent's son by his first wife, and Lila Bordley (Appel-

lee), the decedent's second wife and surviving spouse.[1]
The Board denied Appellee's claim under Section
211.1 of the Philadelphia Municipal Pension Ordi-
nance, which provides:

> No spouse shall be entitled to receive benefits
> pursuant to Section 210 unless such spouse:
>
> (a) was married to the deceased employee
> for not less than two (2) full years prior to the
> death of such employee, and was living with or
> entitled to support from such employee, or
>
> (b) was designated in writing as the bene-
> ficiary.

The application of George Bordley was also denied by
the Board, pending the resolution of Appellee's case
on appeal.

Appellee had been living with the decedent for ap-
proximately twenty years without the benefit of mar-
riage, because neither could afford to divorce their
first spouse. During this time Appellee had two chil-
dren by the decedent.[2] Appellee and the decedent were
later able to obtain divorces from their respective
spouses, the latter in 1977 and the former in 1980.
They were married to each other in March of 1980,
eight months before the decedent's death.

The Board denied Appellee's application for bene-
fits because she failed to meet either requirement of
the ordinance. Appellee had only been married to the
decedent for eight months, and the decedent had not
designated her as his beneficiary.[3] The Court of Com-

---

[1] Under Section 214 of the ordinance, if the application of the
surviving spouse is denied, the decedent's children then become
eligible to receive the pension benefits.

[2] Appellee's two children by decedent would share equally in the
pension benefits with George Bordley.

[3] Decedent did not designate anyone as his pension beneficiary.
The court below noted that the decedent had designated Appellee as
his life insurance beneficiary.

mon Pleas consolidated the two appeals, affirmed the Board's denial of benefits to George Bordley, and reversed the Board's denial of benefits to Appellee. The court below found that, on its face, Section 211.1 did not violate the Equal Protection Clauses of the state and federal constitutions. However, it held that, as applied, Section 211.1 denied Appellee equal protection under the law. The court based its holding on a finding that the two year durational criterion lacked a fair and substantial relationship to the stated governmental objections of that section, when applied to the facts of Appellee's claim. For the reasons set forth below, we reverse the decision of the Court of Common Pleas.

The function of the Equal Protection Clause is to measure the validity of classifications created by state laws. *Parham v. Hughes,* 441 U.S. 347 (1979). Where the classification does not discriminate against a suspect class or impinge upon a fundamental right, the level of equal protection analysis which a court must apply is the rational relationship test. That is, if the classification bears some rational relationship to a legitimate government end, then it is within the legislative power, and will be upheld. *Martin v. Unemployment Compensation Board of Review,* 502 Pa. 282, 466 A.2d 107 (1983). "A classification does not offend the Equal Protection Clause merely because it 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Martin,* 502 Pa. at 291, 466 A.2d at 111 (quoting *Dandridge v. Williams,* 397 U.S. 471, 485 (1970)).

We recognize that a numerical classification will be arbitrary to some extent, but such classifications are peculiarly within the province of the legislature, and are entitled to a strong presumption of constitutional validity. *Martin.*

The court below erred when it went beyond the analysis of Section 211.1 on its face. Under the rational relationship test, a court may not examine the application of a statute to individual members of a class as part of its equal protection analysis. To do so would impose upon the legislature the requirement that it must draw its classification lines with exact precision to avoid any individual inequity. A belief that a legislative act may be inequitable or unwise is an insufficient basis on which to conclude that it is unconstitutional. The validity of a broad legislative classification is not properly judged by focussing on the portion of the class that is affected most harshly by its terms. *Schweiker v. Hogan,* 457 U.S. 569 (1982).

The proper analysis of Section 211.1 under the Equal Protection Clause is to determine whether the classification delineated by the Philadelphia City Council has a rational relationship to a legitimate state purpose. The purpose of the ordinance, as found by the court below, is to ascertain those persons who are most entitled to benefits. When the decedent does not designate his spouse as beneficiary, the durational requirement comes into play to prevent spurious claims by spouses who "perpetrate death bed marriages." The court below held, and we agree, that this purpose is a legitimate one. The two year durational requirement, while perhaps lengthy, is rationally related to the purpose of the ordinance. Therefore, Section 211.1 does not deny equal protection to persons who fall within the class of spouses not designated as beneficiary and not married for two or more years.

Accordingly, the decision of the Court of Common Pleas of Philadelphia County is reversed.

ORDER IN 941 C.D. 1983

AND Now, September 4, 1984, the decision of the Court of Common Pleas of Philadelphia County in the

above-captioned case is reversed. The matter is remanded for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER IN 942 C.D. 1983

AND Now, September 4, 1984, the decision of the Court of Common Pleas of Philadelphia County in the above-captioned case is reversed.