722 A.2d 1022

Robert SMITH and Gayle Rusch

v.

Michael F. COYNE, Prothonotary of Allegheny County, Pennsylvania, and Carmen Nobile.

Appeal of Landlord Service Bureau, Inc.

Robert Smith and Gayle Rusch

v.

Michael F. Coyne, Prothonotary of Allegheny County, Pennsylvania, and Carmen Nobile.

Appeal of American Congress of Real Estate, Inc.

Robert Smith and Gayle Rusch

v.

Michael F. Coyne, Prothonotary of Allegheny County, Pennsylvania and Carmen Nobile.

Appeal of Apartment Association of Metropolitan Pittsburgh, Apartment Association of Greater Philadelphia, Housing Authority of the City of Pittsburgh and Pittsburgh Factors.

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Jan. 19, 1999.

Reargument Denied March 10, 1999.

Dianna C. Wyrick, Thomas M. Hardiman, Pittsburgh, D. Michael Fisher, Intervenor, Harrisburg, for Landlord Service Bureau, Inc.

Vincent Scaglione, Jr., Pittsburgh, for appellant intervenor, Ass'n of Metropolitan Apart., and appellants.

Bradley S. Dornish, Robert E. Bittner, Philip J. Scolieri, Kristine M. Faust, Pittsburgh, for American Congress of Real Estate.

Paul W. O'Hanlon, Richard S. Matesic, Margaret J. Fried, and Barbara Kern, Neighborhood Legal Services Association, Pittsburgh, and Robert J. Damewood, Regional Housing Legal Services, Pittsburgh, for appellees Robert Smith and Gayle Rusch.

Donald Driscoll, Intervenor, for Metropolitan Tenants Organization.

Ronald G. Backer, Pittsburgh, for Michael F. Coyne.

John L. Chaffo, Jr., Pittsburgh, for Carmen Nobile (not involved).

Before FLAHERTY, C.J., and CAPPY, NIGRO, NEWMAN and SAYLOR, JJ.

24

FLAHERTY, Chief Justice.

This is an appeal from an order of the Court of Common Pleas of Allegheny County striking as unconstitutional certain provisions of Pa.R.C.P.D.J. No. 1008B, as applied to low income persons in a landlord tenant action.[1] Rule 1008B states that a tenant's appeal from a judgment of a district justice granting possession of the property to the landlord does not operate as a supersedeas unless the tenant deposits with the prothonotary a sum of money or a bond equal to the lesser of three months' rent or the rent actually in arrears as determined by the district justice's order. The trial court found this provision of the rule to be in violation of Article I, Section 6 of the Pennsylvania Constitution, which provides:

> Trial by jury shall be as heretofore and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case.

The trial court found that rent and possession disputes were decided by a jury prior to the adoption of the Pennsylvania Constitution in 1790. Tenants, therefore, have a constitutional right to a jury in the adjudication of such disputes today. It also found that as to low-income tenants, the supersedeas requirement of Rule 1008B had the practical effect of depriving them of a jury trial because if they could not pay rent in arrears and therefore could not secure a supersedeas, they would likely be evicted. Thus, as a practical matter, the district justice's determination would become the final determination in the case, for in the absence of the possibility of remaining in the premises, low-income tenants would not take an appeal from the order of the district justice.

Rule 1008B requires that if the tenant does not deposit with the prothonotary the lesser of three months rent or the amount actually due in arrears as found by the district justice, the appeal will not operate as a supersedeas:

1. This appeal is a consolidation of nine landlord-tenant cases raising the same issue. Each judgment in this appeal includes a finding of rent in arrears.

B.   When an appeal is from a judgment for the possession of real property, receipt by the district justice of the copy of the notice of appeal shall operate as a supersedeas only if the appellant at the time of filing the appeal, deposits with the prothonotary a sum of money (or a bond, with surety approved by the prothonotary) equal to the lesser of three (3) month's rent or the rent actually in arrears on the date of the filing of appeal, based upon the district justice's order of judgment, and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent which becomes due during the period of time the proceedings upon appeal are pending in the court of common pleas, such additional deposits to be made within thirty (30) days following the date of the appeal, and each successive thirty (30) day period thereafter.

Pa.R.C.P.D.J. No. 1008B.   The tenants in this case did not challenge the requirement that they deposit with the prothonotary an amount equal to the monthly rent as it becomes due while the appeal is pending, and the trial court did not declare Rule 1008B unconstitutional with respect to any appellants except those who are unable to pay the rent in arrears.

The thrust of the trial court's analysis is that the constitutional right to trial by jury may not be "burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." *In re Smith*, 381 Pa. 223, 112 A.2d 625, 629 (Pa.1955), and that the payment of rent in arrears in order to have the appeal operate as a supersedeas makes the right "practically" unavailable. This is so because, as stated above, low-income tenants will not, as a practical matter, appeal orders of district justices granting possession to landlords if the appeal does not act as a supersedeas.

█   Initially, then, the issue is whether the supersedeas requirement of Rule 1008B violates the low-income tenant's right to a jury trial under the Pennsylvania Constitution.

The trial court acknowledged that settled case law permits the General Assembly to adopt procedures whereby a dispute

for which there is a right to a jury trial must be initially tried before a court or other tribunal sitting without a jury so long as either party may through an appeal process obtain a de novo trial before a jury. It also acknowledged that the General Assembly may impose restrictions that a party must meet in order to obtain a jury trial so long as they are not unduly restrictive. The jury trial issue, therefore, is not whether there may be restrictions on the right to a jury trial, but whether any such restrictions are unreasonable. In *In re Smith*, this court stated:

> The only purpose of the constitutional provision [Article I, Section 6] is to secure the right of trial by jury before rights of person or property are finally determined. All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable.

112 A.2d at 629.

Rule 1008B does not require the payment of rent in arrears in order to take an appeal, but only in order for the appeal to operate as a supersedeas. The trial court's view, however, is that if the supersedeas is not available because the tenant-appellant does not have the money to pay the rent arrearages, that is tantamount to the appeal not being available, for the only remedy of any importance to the tenant is the right to remain in the premises.[2]

Assuming that trial court is correct in this analysis, the question of the constitutionality of Rule 1008B is not thereby resolved. Missing from the trial court's analysis is a consideration of the competing constitutional rights of the landlord. The landlord has a right pursuant to Article I, Section 1 of the Pennsylvania Constitution to possess and protect his property.[3] He has a constitutional interest in possessing and pro-

---

2. As the trial court points out, by the time the appeal has been resolved, if the tenant is not able to secure a supersedeas, it is likely that the property in question will have been rented to another tenant, and thus, cannot be restored to the tenant after the appeal.

3. Article I, Section 1 provides, in pertinent part:

tecting property which he owns, which is occupied by another, and which is in danger of damage or destruction by the persons remaining in the property after judgment for possession has been awarded in favor of the landlord and against the tenant by the district justice.[4] Against this interest is the constitutional right of the tenant to adjudicate his case before a jury. The question is how these constitutional interests are to be balanced.

With the passage of the Landlord and Tenant Act of 1951 (the Act), Act of April 6, 1951, P.L. 69, art. I, § 101 et. seq., the landlord's common law remedies to regain possession of his property were severely limited. Common law remedies included self-help, distraint, and confession of judgment, all of which were modified by the Landlord and Tenant Act and by the forty years of caselaw and rules changes which followed it. The landlord's right to distrain, for example, although permitted by the Act,[5] has been held unconstitutional. *Allegheny Clarklift v. Woodline Industries*, 356 Pa.Super. 269, 514 A.2d 606 (Pa.Super.1986). Additionally, this court has abolished confession of judgment in residential leases by rule changes, see Pa.R.C.P. 2970, explanatory comment.[6] And finally, the federal courts have imposed significant restrictions on the

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are ... acquiring, possessing and protecting property.

4. The tenant may be in the property following the district justice's adjudication for a protracted period of time. As the trial court stated, "proceedings that include an appeal from an arbitration award will usually take between four to six months." Slip Op at 6.

5. 68 P.S. § 250.302.

6. The explanatory comment to Rule 2970 states:

> I. **Residential Leases Executed by Natural Persons**. Confession of judgment for the possession of real property in connection with a residential lease executed by a natural person has been abolished. The abolition has been effected by amending Rule 2970 defining the scope of the action to include a confession of judgment for possession of real property arising from "an instrument, other than a residential lease executed by a natural person." Rule 2971 governing the commencement of the action has been revised by adding an averment to the complaint that judgment is not being entered against a natural person in connection with a residential lease.

landlord's right to self-help, *Williams v. Guzzardi,* 875 F.2d 46 (3d Cir.1989).

In 1995 this trend was reversed to some extent by amendments to the Landlord Tenant Act. Among these changes were the provisions of 68 P.S. § 250.513, Act of July 6, 1995, P.L. 253, No. 33, § 1, which state, in part, that a tenant's appeal to the court of common pleas will operate as a supersedeas only if the tenant pays the amount of any judgment rendered by the lower court [7] and that the tenant shall deposit the monthly rent as it comes due during the pendency of the appeal. Further, the landlord is allowed to apply for release of funds being held in escrow during the appeal.

It is apparent that in passing the 1995 amendments to the Landlord and Tenant Act, the General Assembly was attempting to redress the balance of fairness which had tipped, perhaps, too far in favor of tenants. Having conferred upon tenants the right to remain in possession after their contractual right to do so had expired in derogation of the landlord's right to control and protect his property, it was reasonable for the General Assembly to require some measure of security from tenants. In our view, these remedial changes to the act were proper and had the effect of redressing the imbalance which had come to exist between the rights of tenants and landlords. We conclude, therefore, that in balancing the constitutional rights of tenants and landlords in the context provided by the Landlord and Tenant Act, the landlord's right to possess and control his property has greater constitutional weight than the tenant's right to a jury trial, and that Rule 1008B does not, therefore, unconstitutionally burden the tenant's right to a jury trial.

The tenants also contend, however, that Rule 1008B violates the Equal Protection Clause and the due process requirements of the Fourteenth Amendment to the United States Constitution. The Equal Protection clause provides

7. This statutory requirement was changed by Rule 1008B to provide that the tenant's appeal will operate as a supersedeas if the tenant deposits with the prothonotary a sum of money or a bond equal to the lesser of three month's rent or the rent actually in arrears.

that no person shall be denied equal protection of the law by the states.[8] In analyzing equal protection claims, the classification at issue is examined according to one of three tests: strict scrutiny, intermediate scrutiny, or any-rational-basis scrutiny. Strict scrutiny is applied to classifications affecting a suspect class or fundamental right. Intermediate scrutiny is applied to important rights and "sensitive" classifications. In all other cases, the challenged legislation will be upheld unless there is no rational basis for its enactment. *James v. SEPTA,* 505 Pa. 137, 477 A.2d 1302 (Pa.1984).

Although the constitutional right to a jury trial, as asserted by the tenants, is a fundamental right, that right, as discussed earlier, is not impaired by Rule 1008B, and therefore, is not relevant to an equal protection analysis. Since there is no constitutional right to housing, no other fundamental rights are at issue. Further, there are no suspect classifications in the case, since being a low-income tenant is not a suspect classification. The appropriate analysis of the rule, therefore, is to ask whether there is any rational basis for its requirements. The apparent reason for the requirement of payment of rent in arrears in order to obtain a supersedeas is to secure the judgment in favor of the landlord. Both the trial court and the tenants argue that the landlord is merely a judgment creditor and is not entitled to preferences unavailable to other judgment creditors. However, this view is not shared by the General Assembly, which elected to put landlords in a better position than other judgment creditors. We have no difficulty concluding that there is a rational basis for this legislative treatment of landlords, for, unlike other judgment creditors, landlords who have received judgments awarding them possession are forced into an ongoing and unwilling relationship with their tenants and they are at risk that their property may be damaged by the persons against whom they have the judgment and who remain in their property. Requiring payment of up to three months arrearages in order to get a

**8.** The Equal Protection Clause, in pertinent part provides: "No state shall ... deny to any person within its jurisdiction the equal protection of the laws."

30

supersedeas serves as some measure of protection against whatever damage might be done to the property during the appeal. Additionally, the supersedeas requirement of Rule 1008B increases the likelihood that the tenant is pursuing a good-faith claim, not merely delaying an inevitable eviction. Moreover, in most cases of this sort, the tenants have no contractual right to remain in the property during the pendency of the appeal. And finally, these protections are particularly appropriate in the context of this case, where low-income tenants are likely to be judgment proof. Since there is a rational basis for the supersedeas requirement of Rule 1008B, there is no equal protection violation.

Finally, we address the claim that Rule 1008B violates the due process clause of the Fourteenth Amendment.[9] The essence of this claim is that "access to state-granted constitutional rights may not be conditioned upon wealth."[10] This argument is without merit, for, as discussed above, the state constitutional right to a jury trial in an action for possession of real property is not improperly burdened by Rule 1008B in the context of the Landlord and Tenant Act when balanced against the landlord's right to possess and protect his property.

The judgment of the court of common pleas is vacated and the cases are remanded for proceedings consistent with this opinion.

Justices ZAPPALA and CASTILLE did not participate in the consideration or decision of this case.

Justice CAPPY files a concurring opinion in which Justice NIGRO joins.

9. The due process clause of the Fourteenth Amendment provides, in pertinent part: " No State shall ... deprive any person of life, liberty, or property, without due process of law."

10. The tenants' argument here is based primarily on *Lecates v. Justice of Peace Court*, 637 F.2d 898 (3d Cir.1980). *Lecates* holds that due process forbids a state to condition an appeal from a district justice award to a court of record on payment of a nonwaivable surety bond. Since this case does not involve an appeal bond, but only a supersedeas bond, *Lecates* has no application.

CAPPY, Justice, concurring.

I concur in the conclusion reached by the majority opinion that Pa.R.C.P.D.J. 1008B does not deprive indigent tenants of the right to trial by jury. I write separately as my analysis of this issue is distinct from that of the majority.[1]

Article I, Section 6 of the Pennsylvania Constitution secures the right to trial by jury in all classes of cases to which that right pertained at common law. *Blum v. Merrell Dow Pharmaceuticals,* 534 Pa. 97, 626 A.2d 537, 543 (Pa.1993). While the form of the jury is to remain inviolate, the Constitution "does not limit the power of the legislature to furnish modes of civil procedure in courts of justice." *Id.* at 544. *But see* PA. CONST. Art. V, § 10(c).[2]

> The only purpose of the constitutional provision is to secure the right of trial by jury before rights of person or property are *finally* determined. All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make that right practically unavailable.

*Smith's Case,* 381 Pa. 223, 112 A.2d 625, 629 (Pa.1955). *Accord Haines v. Levin,* 51 Pa. 412, 414–15 (1866)("question is whether the conditions exacted are so onerous as to amount to a substantial denial of the right"). The commitment of initial jurisdiction in rent and possession disputes to the district justices has been upheld under Article I, Section 6 because it secures the right to a trial by jury prior to a final determination by providing for *de novo* appeal to the courts of common pleas. *Haines v. Levin, supra,* at 414.

As noted by the learned trial court, the test enunciated in the above-quoted passage from *Smith's Case* is controlling here. The majority departs from this test in focusing upon

1. I join in that portion of the opinion which holds that Rule 1008B does not deny indigent tenants equal protection of the law.

2. In truth, civil procedure in the courts is an area of jurisdiction for both this court and the legislature, and in this case we are concerned with rules promulgated by this court to supplant a legislative enactment which intruded upon the constitutional province of the judiciary.

the impact that a tenant's right to trial by jury has upon the landlord's interests. The comparative advantage to landlords of Rule 1008B over past procedures is plainly irrelevant to whether the rule effectively denies low income tenants the right to trial by jury.

In *Smith's Case* this court struck down a local rule for cases subject to mandatory arbitration which required that a party aggrieved by an arbitration panel's decision pay the arbitrators' fees as a condition of appeal without the ability to recover the same as costs if successful. The court found that where the amount of the arbitrators' fees was fixed without regard to the amount in controversy the condition operated as such a strong deterrent to the taking of an appeal in cases involving petty or insubstantial sums as to deny the right to a jury trial in practice. 112 A.2d at 630.

Unlike the local rule invalidated in *Smith's Case*, Rule 1008B imposes no deterrent to the taking of an appeal, nor does Rule 1008B constitute a condition, restriction, or regulation of the ability of a defendant to obtain a jury trial upon appeal to the court of common pleas. An appeal must merely be filed within 10 days, without payment of any fee or satisfaction of any condition other than those of general applicability. The issuance of a supersedeas is all that the rule conditions or restricts.

Rule 1008B is a mechanism for adjusting the relative positions of the parties to the lease pending final adjudication of the right of occupancy in the premises. The right to trial by jury does not require the benefit of a supersedeas be available at all in cases of this sort. *Haines v. Levin, supra*, at 414. The stage of the proceedings at which a landlord can assume possession of the disputed property is relevant only to whether the proceedings comport with due process of law, *see Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), a constitutional construct of which the jury trial is but a component.

The execution of a judgment of possession while an appeal is pending does not finally determine the issue of the tenant's right to possession before it can be tried to a jury. Condition-

ing the issuance of a supersedeas upon posting security for the judgment does not directly impede an appeal, it merely denies the tenant the tactical advantage of an automatic supersedeas upon the filing of an appeal. The issue of whether the lease has expired by its express terms or through the tenant's breach of a material condition such as non-payment of rent remains a live controversy for the jury to consider. That a tenant would forego presenting his or her case to the jury once removed from the premises is not the measure of the constitutionality of the rule. A jury trial is ultimately available, and the jury is in no way prevented from fixing the parties' rights in the premises. If the jury finds in favor of the tenant, the hardships inflicted by the writ of possession can be taken account of in the form of a damages award. Also, an erroneously evicted tenant's right of occupancy can still be vindicated through an ejectment action. *See Soffer v. Beech,* 487 Pa. 255, 409 A.2d 337 (Pa.1979). While this remedy may be impractical in the particular circumstances, the jury is not prevented from compensating the tenant for increased housing costs by an award of damages.

Accordingly, for the reasons set forth herein, I concur in the decision of the majority that Rule 1008B does not deprive indigent tenants of the right to trial by jury.

Justice NIGRO joins in this concurring opinion.