**Linda E. HOFFMAN, Petitioner,**

v.

**PENNSYLVANIA STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1999.
Decided Jan. 7, 2000.

---

Toni M. Cherry, DuBois, for petitioner.

Paul M. Stahlnecker, Harrisburg, for respondent.

Blaise J. Ferraraccio, Clearfield, for intervenor, Kevin Shane Hoffman.

Before DOYLE, President Judge, and COLINS, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., FLAHERTY, J., and LEADBETTER, J.

SMITH, Judge.

Petitioner Linda Hoffman seeks review of an order of the State Employes' Retirement Board (Board) which granted a motion of the State Employes' Retirement System (SERS) to dismiss Petitioner's appeal from SERS' decision to pay death benefits to another named beneficiary of Robert Hoffman, a deceased member of SERS. Petitioner claimed entitlement to the death benefits as a previously designated SERS beneficiary of Decedent. Petitioner presents two questions for the Court's review: whether the provisions of Section 5907(e) and Section 5907(j) of the State Employees' Retirement Code (Code), 71 Pa.C.S. §§ 5907(e), 5907(j), which allow a member to change his or her designated beneficiary at any time, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution; and whether the application of Sections 5907(e) and 5907(j) violates Petitioner's federal constitutional rights to due process of law as contained in the Fifth and Fourteenth Amendments.

Petitioner married Decedent, a Pennsylvania State Trooper entitled to retirement benefits under the SERS, on September 2, 1983. Decedent executed a nomination of beneficiaries form on September 7, 1983 which named Petitioner as the principal beneficiary and Kevin Hoffman, Decedent's child by a previous marriage, as the contingent beneficiary. Decedent retired on February 26, 1993 and elected retirement "Option 1" under Section 5705(a) of the Code, 71 Pa.C.S. § 5705(a). Option 1 provides a lifetime annuity with a guaranteed total payment equal to the present

value of the life annuity effective on the date of retirement. If the member dies before receiving all of the benefits, the designated beneficiary receives the unpaid balance in the form of a death benefit. Under Sections 5907(e) and 5907(j) of the Code, members electing Option 1 may change beneficiaries after retirement and may do so without providing notice or obtaining consent from the past beneficiary.[1]

After Decedent retired, Petitioner and Decedent experienced marital problems and became separated. On September 5, 1995, Decedent filed a divorce complaint in the Clearfield County Court of Common Pleas. On December 17, 1997, without Petitioner's knowledge, Decedent executed a change of beneficiary form which removed Petitioner as the principal beneficiary and substituted Kevin Hoffman. Decedent died on January 30, 1998. No divorce decree was ever issued. SERS denied Petitioner's request made in February 1998 for Decedent's Option 1 death benefits because Decedent designated the principal beneficiary as Kevin Hoffman. Petitioner appealed to the Board and later sought injunctive relief before this Court seeking to enjoin SERS from paying death benefits to Decedent's last named beneficiary. After Petitioner's request was denied by this Court SERS paid the death benefits in June 1998 to Kevin Hoffman. The Board granted SERS' motion to dismiss after concluding that it would refrain from ruling on Petitioner's constitutional challenges to the Code, particularly where she raised no allegation that SERS failed to follow the Code.[2]

Petitioner first contends that Sections 5907(e) and 5907(j) of the Code violate the equal protection clause of the Fourteenth Amendment of the United States Constitution. Petitioner argues that the Code denies equal protection of the law to the class of beneficiaries of members who have selected Option 1 because those beneficiaries are not afforded the same protections as beneficiaries of members who select a different option. The first step in analyzing an equal protection claim is to determine what degree of judicial scrutiny should be applied to the classification at issue. *Smith v. Coyne*, 555 Pa. 21, 722 A.2d 1022 (1999). In *Smith* the Pennsylvania Supreme Court stated:

> Strict scrutiny is applied to classifications affecting a suspect class or fundamental right. Intermediate scrutiny is applied to important rights and 'sensitive' classifications. In all other cases, the challenged legislation will be upheld unless there is no rational basis for its enactment.

*Id.*, 555 Pa. at 29, 722 A.2d at 1025 (citations omitted). Petitioner argues that the Court should apply a strict scrutiny standard because her classification affects her fundamental right to own property.

■ It is well settled that only minimal scrutiny applies to statutory classifications employed in the regulation of economic benefits that do not discriminate against suspect classes. *Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 466 A.2d 107 (1983). In *City of Philadelphia Board of Pensions and Retirement v. Bordley*, 84 Pa.Cmwlth. 645, 481 A.2d 690 (1984), a widow argued that the Philadelphia Municipal Pension Ordinance deprived her of equal protection of the law. The widow had lived with the

---

1. Section 5907(e) provides in pertinent part: **"Beneficiary for death benefits.**—Every member shall nominate a beneficiary by written designation filed with the board.... Such nomination may be changed at any time by the member by written designation filed with the board." Section 5907(j) provides in pertinent part: "A member who has elected Option 1 may change his designated beneficiary at any time."

2. This Court's review of this matter is limited to determining whether the findings of fact are supported by substantial evidence and whether the Board committed an error of law or violated constitutional rights. *Olsen v. Pennsylvania State Employes' Retirement Board*, 688 A.2d 255 (Pa.Cmwlth.1997).

decedent without the benefit of marriage for approximately twenty years and had two children by him during that time. They were married eight months before his death. The Philadelphia Board of Pensions denied her application for her husband's death benefits because she was married to him less than two full years prior to his death. The ordinance provided, inter alia, that no spouse shall be entitled to benefits unless such spouse was married to the deceased employee for not less than two full years prior to the employee's death. On appeal, this Court applied a rational basis review and held that the ordinance did not deny the widow equal protection of the law.

Because the classification at issue does not involve a suspect or sensitive class and because the only right affected is Petitioner's economic interest in her husband's death benefits, the Court concludes that a rational basis review applies to the instant case. The Pennsylvania Supreme Court in *Martin* observed in relevant part:

> In determining whether a classification is rational a court is free to hypothesize the reasons the legislature might have had for its classification. The courts do not require record evidence to justify the classification nor do they require the legislative history to show that the legislature had considered the particular rationale that satisfies the court. Indeed, legislative action always carries a strong presumption of constitutional validity.

*Martin,* 502 Pa. at 292, 466 A.2d at 111–112 (citations omitted).

■ The other retirement options (Options 2, 3 and 4) provide payment of reduced monthly benefits during the member's lifetime and an annuity benefit paid to the designated survivor annuitant at the member's death. Under Section 5907(j) of the Code, members who select Options 2, 3 or 4 may not change beneficiaries after

retirement unless the beneficiary predeceases the member, a divorce is awarded or the member becomes married after the option is selected. SERS explains that effectuating the actuarial calculations necessary to pay a lifetime annuity requires detailed personal information from the survivor annuitant. If there were no limitations on the ability of members to designate new survivor annuitants, then SERS would be forced to constantly recalculate annuities to insure the soundness of the plan. No similar administrative burden arises when an Option 1 member changes beneficiaries because the beneficiary under Option 1 receives the balance of the present value of the account rather than an annuity. This distinction provides a rational basis for the legislative classifications between beneficiaries and survivor annuitants. Accordingly, Sections 5907(e) and 5907(j) of the Code do not violate the equal protection clause of the Fourteenth Amendment by treating these classes differently. *Smith; Martin.*

■ Petitioner next contends that Sections 5907(e) and 5907(j) of the Code violate her right to procedural due process of law guaranteed by the United States Constitution because there is no provision in the Code to provide notice to a spouse when a member intends to remove the spouse as the designated beneficiary. Also, there is no procedure for the spouse to determine whether he or she is currently the designated beneficiary. The Fourteenth Amendment requires due process only when the state seeks to deprive a person of a life, liberty or property interest. *Pennsylvania Game Commission v. Marich,* 542 Pa. 226, 666 A.2d 253 (1995). In this case, Petitioner contends that she has been deprived of a property interest without due process.

■ Petitioner concedes that the General Assembly has created no right in the spouse of a member to the death benefits afforded by the Code.[3] However, Petition-

---

**3.** *See, e.g.,* Section 2203 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.   § 2203.

er notes that her husband had a contractual right to the benefits and that the benefits were earned primarily during his marriage to her. Petitioner maintains that the benefits of the pension are therefore marital property subject to equitable distribution in divorce and that she has a vested right to receive them. However, Pennsylvania Courts have consistently held that divorce actions and the associated equitable distribution claims are abated by the death of one of the parties prior to entry of a divorce decree. *Drumheller v. Marcello,* 516 Pa. 428, 532 A.2d 807 (1987); *In re Estate of Cochran,* 738 A.2d 1029 (Pa.Super.1999); *Myers v. Myers,* 397 Pa.Super. 450, 580 A.2d 384 (1990).

In this case, Decedent died prior to the entry of a divorce decree thus abating Petitioner's claim to her husband's death benefits arising from the divorce action. Petitioner provides no other authority to support her claim of a property right in the death benefits. Although the Court sympathizes with Petitioner's position, the Court nonetheless concludes that SERS has properly performed its statutory duties and that Petitioner has not established a constitutional violation. Accordingly, any relief available to Petitioner must be sought against another party. The order of the Board is affirmed.

### ORDER

AND NOW, this 7th day of January, 2000, the order of the State Employes' Retirement Board is affirmed.

FRIEDMAN, Judge, concurring.

I concur in the majority's reasoning and result; however, I feel constrained to point out the decision's considerable inequities and to voice my belief that something can, and should, be done to prevent the harsh outcome now required under the law.

As explained in the majority opinion, the State Employes' Retirement System (SERS), through application of sections 5907(e) and 5907(j) of the State Employes' Retirement Code (Code), 71 Pa.C.S. §§ 5907(e), 5907(j), creates a retirement plan whereby its participants, including those who are married, may designate any person as beneficiary for death benefits and may change beneficiaries at any time. The Code provides no procedure for a participant's spouse to determine whether he or she is the designated beneficiary, and the Code makes no provision for notice to a spouse when the participant intends to remove the spouse as designated beneficiary. By permitting the exclusion of spouses as designated beneficiaries, I believe that the Code, as reflected in the SERS plan, fails to acknowledge the economic partnership of marriage and the non-participant spouse's contribution to that partnership, concepts which have been recognized in employee benefit plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, and which provide the mainstay of equitable distribution under our divorce law.

Unlike the SERS plan, under ERISA, a plan participant's surviving spouse is automatically designated as the beneficiary of the participant's death benefits. 29 U.S.C. § 1055(b)(1)(C)(i). Further, in order to designate or change a beneficiary, a married participant must provide the written, notarized approval of his or her spouse. 29 U.S.C. § 1055(c)(2). These protections were added pursuant to the Retirement Equity Act of 1984(REA), Pub.L. No. 98–397, 98 Stat. 1426 (1984), which made significant changes in ERISA's provisions for survivor benefits, providing an employee's spouse with added protection and involving him or her in making choices with respect to retirement income on which the spouse, as well as the employee, may rely. *See* S.Rep. No. 98–575 at 1 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2547, 2558. I believe that state and federal policies and goals with respect to spousal protection are, or should be, identical, and I see no reason why spouses of state retirement plan participants should receive any less consideration than spouses of federal retirement

plan participants. Just as Congress, through the 1984 amendment to ERISA, recognized and closed an unwarranted gap which left spouses of pension plan participants unprotected, I invite our legislature to correct this inequity and enact legislation that would provide spouses such as Petitioner with the same protection they would receive under ERISA, thereby avoiding the severe and unfortunate result here.

In addition, I believe the result here undercuts the legislative intent exhibited in section 3102 of the Divorce Code, 23 Pa.C.S. § 3102, to effectuate economic justice between parties who are divorced *or separated.* It is apparent that, in creating the Divorce Code, the legislature intended to recognize that marriage is an economic partnership in which each spouse has an interest in certain property acquired during the marriage, and it is undisputed that the SERS pension here qualifies as that certain marital property subject to equitable distribution. 23 Pa.C.S. § 3501(a). I recognize that divorce actions, and their associated equitable distribution claims, abate upon the death of one of the parties prior to the entry of the divorce decree.[1] *Drumheller v. Marcello,* 516 Pa. 428, 532 A.2d 807 (1987). However, I can see no reason for this blanket rule; instead, I believe that, in these cases, the facts of each should determine whether equitable distribution of marital property should abate or continue. Certainly, where spouses have been separated for a lengthy period during which they aggressively have taken steps toward a final divorce decree, there is no reason that the "untimely" death of one spouse during the pendency of the divorce proceeding should automatically defeat equitable distribution of marital property.

In sum, although I must reluctantly concur in the result reached by the majority here, I can neither justify it nor subscribe to it; it is inequitable and alterable.

Judge COLINS joins in this concurring opinion.

---

1. Once a decree in divorce is granted and, thereafter, one of the parties dies, equitable distribution of marital property continues. 23 Pa.C.S. § 3323(d).