Kimberly Jean TITLER, Petitioner,

v.

STATE EMPLOYEES' RETIREMENT BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2000.

Decided Feb. 9, 2001.

As Amended Feb. 22, 2001.

Michael J. Savona, Charleroi, for petitioner.

Paul M. Stahlnecker, Harrisburg, for respondent.

Mark S. Galpher, Monessen, for intervenors, Clyde M. Titler, Sr. and Clyde M. Titler, Jr.

Before KELLEY, Judge, FLAHERTY, Judge and RODGERS, Senior Judge.

FLAHERTY, Judge.

Kimberly Jean Titler (Claimant) appeals from an order of the State Employees' Retirement Board (Board) denying Claimant's request to be designated as beneficiary of George Titler's (Member) State Employees' Retirement System (SERS) death benefits. For the reasons set forth herein, we affirm.

The relevant facts are as follows. Member enrolled in SERS in 1971 when he began his employment with the Pennsylvania State Police. Claimant and Member were married in 1972 and Member designated Claimant his primary beneficiary of his retirement account on two successive beneficiary forms completed in 1977 and 1980. Claimant and Member separated in June 1996 and Claimant initiated divorce proceedings in the Court of Common Pleas of Fayette County in October 1996. In November 1996, without Claimant's knowledge, Member changed his SERS primary beneficiary from Claimant to Clyde Titler Sr. and Clyde Titler Jr. (Intervenors), Member's father and brother, respectively.

On March 3, 1997, pursuant to a release authorization signed by Member, SERS provided Claimant information pertaining to Member's retirement account. Claimant, through counsel, requested "any and all information, records and correspondence" pertaining to Member's SERS retirement account. Reproduced Record (R.R.) at 281a. SERS responded to Claimant's request by providing a benefit estimate, a sample SERS Domestic Relations Order (DRO), a SERS DRO pamphlet and the name of a SERS representative should further information be required.[1] SERS did not provide Claimant information regarding Member's designated beneficiaries.

The contentious negotiations between Claimant and Member regarding their divorce property settlement proceeded slowly. Claimant and Member and their respective counsel had scheduled a meeting for June 8, 1998 to attempt to finalize a divorce settlement agreement. The meeting never took place because Member was killed that morning in an automobile accident. Since the trial court had not issued a divorce decree, Claimant and Member were still married at the time of his death.

---

1. Section 5953.1 of the State Employees' Retirement Code (Retirement Code) provides that the secretary of the Board shall certify a DRO issued by the trial court vested with jurisdiction over the divorce action provided that the order satisfies certain delineated requirements. 71 Pa.C.S. § 5953.1. An approved DRO authorizes the attachment of a SERS member's retirement benefits for purposes of equitable distribution under the Divorce Code, 23 Pa.C.S. §§ 3101–3904, provided that the DRO adheres to the SERS benefit structure as designated by the member.

Member's SERS death benefit is approximately $784,000.

On August 21, 1998, Intervenors requested that SERS make the death benefit payment from Member's retirement account to them as his last named beneficiaries. Following notification from SERS that it would comply with Intervenors' request for payment of death benefits, Claimant sought and obtained a preliminary injunction from this Court preventing distribution of Member's death benefit pending final disposition addressing the rights of the parties. Thereafter, Claimant initiated an administrative action before the Board seeking to be named primary beneficiary of Member's SERS retirement account assets. The Board granted Clyde Titler Sr. and Clyde Titler Jr. permission to intervene and appointed an independent hearing examiner who conducted an evidentiary hearing on June 2, 1999. Following the close of the record, the hearing examiner recommended denial of Claimant's claim to Member's death benefits. By decision and order dated December 27, 1999, the Board accepted the hearing examiner's recommendation upon concluding that nothing in the Retirement Code required Member to designate his spouse as his beneficiary. The Board further held that absent a court issued injunction directing SERS to freeze all action regarding Member's retirement account pending final disposition of the divorce proceeding, Member was free to designate whomever he chose as his SERS beneficiary. Claimant now brings the instant appeal.[2]

Claimant's sole issue presented on appeal is whether the Board erred by determining that Member properly designated Intervenors as the last named beneficiaries of his SERS benefits. Claimant argues that she is entitled to receive Member's

SERS benefits because Member fraudulently dissipated this marital asset prior to his death. We disagree.

 Claimant's assertion of fraud is simply without merit and her focus on the Divorce Code is misplaced. Claimant argues that the facts of this case establish that Member's SERS retirement account was a marital asset that accrued throughout their marriage while Member was at all times employed by the Pennsylvania State Police. Claimant further maintains that § 3102(a)(6) of the Divorce Code provides that retirement benefits constitute a marital asset subject to equitable distribution. 23 Pa.C.S. § 3102(a)(6). However, while it is not disputed that Member's SERS account was a marital asset fully subject to equitable distribution under the Divorce Code, this fact is not determinative of the outcome here. In order for a spouse to acquire an interest in a member's retirement account, a Board approved DRO must be issued through the divorce proceedings and the specific requirements that must be contained in a DRO are generally not resolved until the property settlement has been finalized through entry of a divorce decree. 71 Pa.C.S. § 5953.1. On the facts here, Member died prior to the court of common pleas' issuance of a divorce decree or a DRO. As the Board correctly found, absent a divorce decree, marital assets remain marital assets when one spouse dies no matter how close the estranged spouses had come to a property settlement agreement. *Drumheller v. Marcello*, 516 Pa. 428, 532 A.2d 807 (1987)(an action in divorce is personal to the parties, and upon the death of either party, the action necessarily dies); *In re Estate of Cochran*, 738 A.2d 1029 (Pa.Super.1999)(the death of a spouse during the pendency of divorce pro-

2. The Commonwealth Court's standard of review in an appeal from a state agency adjudication is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether

necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

ceeding abates the divorce action and any and all claims for equitable distribution).

■ Regarding Member's change in beneficiary from Claimant to Intervenors after commencement of the divorce proceedings, the Retirement Code specifies that SERS members must designate a beneficiary and may change such designation at any time. 71 Pa.C.S. §§ 5906(e); 5907(e), (j). This Court has recently confirmed that the Retirement Code does not encumber a member's ability to· designate any person as his or her beneficiary or to change beneficiaries at any time. *Hoffman v. Pennsylvania State Employes' Retirement Board*, 743 A.2d 1014 (Pa. Cmwlth.2000); petition for allowance of appeal denied, 563 Pa. 705, 761 A.2d 552 (2000). *Hoffman* involved a case with facts similar to the instant matter. In *Hoffman*, the claimant, Linda Hoffman, had separated from and filed a divorce against her husband, Robert Hoffman, a SERS member by virtue of his employment as a trooper with the Pennsylvania State Police. At the time the divorce action was initiated, Linda Hoffman was the named beneficiary of Robert Hoffman's SERS retirement account. As occurred in this case, Robert Hoffman subsequently changed his named beneficiary from his spouse to another family member without his spouse's knowledge and then unfortunately passed away prior to the issuance of a divorce decree. Linda Hoffman then challenged the Board's dispersal of Robert Hoffman's death benefits to his last named beneficiary. Although presented in the context of a constitutional equal protection and due process issue, Linda Hoffman raised a similar argument to that which Claimant presents here, which an en-banc panel of this Court addressed as follows:

> Petitioner concedes that the General Assembly has created no right in the spouse of a member to the death benefits afforded by the [Retirement] Code. However, Petitioner notes that her husband had a contractual right to the benefits and that the benefits were earned

primarily during his marriage to her. Petitioner maintains that the benefits of the pension are therefore marital property subject to equitable distribution in divorce and that she has a vested right to receive them. However, Pennsylvania Courts have consistently held that divorce actions and the associated equitable distribution claims are abated by the death of one of the parties prior to entry of a divorce decree.

*Hoffman*, 743 A.2d at 1017–18 citing *Drumheller; In re Estate of Cochran; Myers v. Myers*, 397 Pa.Super. 450, 580 A.2d 384 (1990) (footnote omitted). In analyzing the equal protection and due process questions under the rational basis standard, the *Hoffman* Court concluded that the beneficiary designation scheme enacted by the General Assembly passed constitutional muster, a decision that the Pennsylvania Supreme Court declined to disturb. *Hoffman*.

■ In the context of a divorce proceeding, an estranged spouse may protect his or her interest in a member's SERS retirement benefits in two ways. Initially, given that the Retirement Code does not impede a member's ability to change their beneficiary as they see fit, a spouse may obtain an injunction, commonly referred to as a "freeze order," from the cognizant common pleas court which the Board historically honors as a matter of course. Notes of Testimony (N.T.), Testimony of Linda Miller, Director of Benefits, June 2, 1999 at 86, R.R. at 177a. Alternatively, in the absence of an injunction, a spouse may obtain an interest in a member's SERS benefits through entry of a divorce decree accompanied by a DRO issued by the common pleas court, which specifies the amount of the member's retirement benefit that SERS must distribute to an alternate payee. 71 Pa.C.S. § 5953.1; N.T. Linda Miller, June 2, 1999, at 76–86, R.R. at 167a–177a.

■ If a spouse successfully pursues an injunction order, SERS then freezes the member's retirement account thus preclud-

ing dispersal of benefits or changes of any type including the named beneficiary. N.T. Linda Miller, June 2, 1999, at 76–86, R.R. at 167a–177a. On the facts here, Claimant's own testimony reflects that she did not pursue this option given her belief that Member was negotiating their property settlement in good faith and would not remove her as the primary beneficiary of his SERS retirement account. N.T. Claimant, June 2, 1999, at 55–57, R.R. at 146a–48a.

Claimant argues that she had no reason to know that Member had changed his designated beneficiary. Claimant asserts that if SERS had fully disclosed all information regarding Member's retirement account in response to her request for any and all information, then she could have take action to protect her status as beneficiary. While Claimant may be correct that Member's named beneficiary is the type of information contemplated when requesting "any and all information" pertaining to the account, Claimant has failed to demonstrate how SERS' oversight prejudiced her position. The record reflects that Member exercised his statutory right to change his beneficiary in November 1996, several months before Claimant presented her request for information concerning Member's retirement account in February 1997. Even if SERS had included the revised beneficiary information in it's response, Claimant's only recourse would have been to obtain a divorce decree and seek designation as an alternate payee of Member's retirement and death benefits through equitable distribution of the marital property and subsequent issuance of an approved DRO. See 71 Pa.C.S. § 5953.1. After Member had lawfully changed his beneficiary, an injunctive "freeze order" would have been of no use to Claimant because it would merely have maintained the status quo pending entry of a divorce decree by the common pleas court. When Claimant neglected to secure an injunction while she was the named beneficiary of Member's retirement account, she proceeded under the assumption that she would be able to protect her interest in Member's retirement account by obtaining an approved DRO issued pursuant to the divorce decree. Since the divorce action abated immediately upon Member's death on June 8, 1998 without entry of a final divorce decree, Member's beneficiary designation could not thereafter be altered through equitable distribution of the marital property. Member's untimely death had the effect of maintaining the status quo with regard to the couple's marriage as well as Member's SERS retirement account. Accordingly, Intervenors are entitled to Member's SERS benefits since they were the last named beneficiaries designated in accordance with the governing provisions of the Retirement Code.

As we recognized in *Hoffman*, the General Assembly's decision to grant SERS members complete autonomy to change their beneficiary can work a harsh result on a spouse in Claimant's situation. The Retirement Code provides no mechanism by which a spouse may determine the designated beneficiary of the member spouse, nor does it require that the member provide his or her spouse notice when a change in beneficiary occurs. *Hoffman* resolved that this statutory scheme does not violate the constitutional requirements of equal protection and due process. The autonomy granted members in naming a beneficiary places a burden on the nonmember spouse involved in divorce proceedings to act quickly through discovery to identify if they are the member's last named beneficiary and protect their interest through a court ordered injunction. The record reflects that Claimant did not act in time to protect her interests and that SERS proceeded in accord with the dictates of the Retirement Code.

Accordingly, we affirm the Board's order dated December 27, 1999, which denied Claimant's request to be designated as beneficiary of Member's SERS retirement account.

## ORDER

AND NOW, this 22nd day of February, 2001, our prior order in the above captioned matter dated February 9, 2001 is amended as follows. The order of the State Employees' Retirement Board, dated December 27, 1999, which denied Claimant's request to be designated as beneficiary of George Titler's State Employees' Retirement System death benefits, is hereby affirmed.