J.A30039/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

CEDARBROOK PLAZA INC., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
STORAGE PARTNERS OF CHELTENHAM, :
L.P., AND BRUCE MANLEY, :
:
Appellants : No. 266 EDA 2015

Appeal from the Judgment Entered December 18, 2014
In the Court of Common Pleas of Montgomery County
Civil Division No(s): 10-15608

BEFORE: MUNDY, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JANUARY 15, 2016**

Appellants, Storage Partners of Cheltenham, L.P., and Bruce Manley, appeal from the judgment entered in the Montgomery County Court of Common Pleas following a bench trial and verdict in favor of Appellee, Cedarbrook Plaza, Inc. Appellants contend the trial court erred by refusing to award a credit for the value of the assets acquired by Appellee. Appellants also challenge the basis for the trial court's ruling that no conversion, distraint, or levy of Appellants' assets occurred. We affirm.

We adopt the trial court's facts and procedural history. **See** Trial Ct. Op. at 1-8. We reiterate that the parties stipulated that Sovereign Bank had

---

[*] Former Justice specially assigned to the Superior Court.

a blanket lien on Appellants'[1] assets.  **See** ARR-316 (Appellee's Reproduced Record).[2]  The mortgage provided that Sovereign Bank or its agent may possess Appellants' assets in order to obtain the owed amounts.  **See** ARR-205.

Appellee filed a complaint on June 15, 2010, raising only a breach of contract claim.  Appellee's Compl., 6/15/10, at 3-4.  On June 27, 2014, Appellants moved to amend their answer and new matter to include, *inter alia*, allegations that Appellee unlawfully distrained or converted Appellants' property.  Appellants did not raise any counterclaims, such as for conversion or distraint.  On July 3, 2014, the court granted in part Appellants' motion.[3]

On August 20, 2014, the court ruled against Appellants.  Appellants filed a motion for post-trial relief that essentially requested judgment notwithstanding the verdict, which the court granted in part and denied in part on December 18, 2014.  Appellants filed a premature notice of appeal on January 13, 2015.  Appellants timely filed a court-ordered Pa.R.A.P.

---

[1] For convenience, we may refer to an individual Appellant, *e.g.*, Storage Partners of Cheltenham, L.P., by using the plural "Appellants."

[2] We cite to the reproduced record for the parties' convenience.  **See generally** Pa.R.A.P. 2156.

[3] The court denied Appellants' request to amend their pleadings to (1) raise a statute of limitations or statute of frauds defense and (2) assert that Pennsylvania's Landlord-Tenant Act barred Appellee's claim.  Order, 7/3/14.

1925(b) statement. The appeal was perfected after Appellee filed a praecipe to enter judgment on February 20, 2015.

Appellants raise the following issues:

> Whether the trial court erred by refusing to award Appellants a credit for the value of the assets, property and business seized by [Appellee] in connection with its unlawful distraint and/or conversion of Storage Partners' assets, property and business?
>
> Whether the trial court erred in making factual findings and/or legal conclusions relating to a *nonparty's* acts and omissions, which were not at issue or even litigated by the parties in this litigation and not based upon any evidence?

Appellants' Brief at 4.

Appellants contend that Appellee converted and distrained their property. Appellants insist that the trial court should have credited the value of that property against the judgment awarded in Appellee's favor on its breach of contract claim. Appellants posit that the outcome is unconscionable and permits Appellee "to obtain a double recovery." ***Id.*** at 17. In essence, Appellants argue that because they established Appellee's tortious conduct—conversion and improper distraint—the court should have setoff the damages awarded for Appellee's breach of contract claim. We hold Appellants have not established entitlement to relief.

The standard of review follows:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given

the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

***Amerikohl Mining Co. v. Peoples Natural Gas Co.***, 860 A.2d 547, 549-50 (Pa. Super. 2004) (internal quotation marks and citations omitted). "The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case." ***Wilson v. Transp. Ins. Co.***, 889 A.2d 563, 568 (Pa. Super. 2005) (internal quotation marks and citation omitted). We may affirm on any basis. ***In re Strahsmeier***, 54 A.3d 359, 364 n.17 (Pa. Super. 2012).

The following also illuminates this Court's standard and scope of review from an order resolving a post-trial motion:

> An appellate court will reverse a trial court's grant or denial of a JNOV only when the appellate court finds an abuse of discretion or an error of law. Our scope of review with respect to whether judgment n.o.v. is appropriate is plenary, as with any review of questions of law.
>
> > In reviewing a motion for judgment n.o.v., the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. Moreover, a judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict winner. Further, a judge's appraisement of evidence is not to be based on how he would have voted

had he been a member of the jury, but on the facts as they come through the sieve of the [fact-finder's] deliberations.

There are two bases upon which a judgment n.o.v. can be entered: one, the movant is entitled to judgment as a matter of law, and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first a court reviews the record and concludes that even with all factual inferences decided adverse to the movant the law nonetheless requires a verdict in his favor, whereas with the second the court reviews the evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

Questions of credibility and conflicts in the evidence are for the fact-finder to resolve and the reviewing court should not reweigh the evidence. If there is any basis upon which the fact-finder could have properly made its award, the denial of the motion for judgment n.o.v. must be affirmed.

***Braun v. Wal-Mart Stores, Inc.***, 24 A.3d 875, 890-91 (Pa. Super. 2011)

(*per curiam*) (internal brackets, ellipses, and citations omitted).

Pennsylvania Rule of Civil Procedure 1031 defines a counterclaim as follows: "The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action cognizable in a civil action which the defendant has against the plaintiff at the time of filing the answer." Pa.R.C.P. 1031(a). "New matter" is defined by Pennsylvania Rule of Civil Procedure 1030:

(a) . . . [A]ll affirmative defenses . . . shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts

which are not merely denials of the averments of the preceding pleading.

Pa.R.C.P. 1030(a).[4] "[I]t is clear that a defense or affirmative defense is not properly called an 'action' or a 'claim' but is rather a **response** to an action or a claim." ***Sass v. AmTrust Bank***, 74 A.3d 1054, 1061 (Pa. Super. 2013) (citation omitted).

An example of a claim is conversion, which is defined as follows:

> Conversion is a tort by which the defendant deprives the plaintiff of his right to a chattel or interferes with the plaintiff's use or possession of a chattel without the plaintiff's consent and **without lawful justification**. A plaintiff has a cause of action in conversion if he or she had actual or constructive possession of a chattel at the time of the alleged conversion.

***Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 581 (Pa. Super. 2003) (emphasis added and citations and quotation marks omitted).[5]

Distraint is also a claim:

---

[4] ***See generally*** Black's Law Dictionary 482 (9th ed. 2009) (defining affirmative defense as "A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.").

[5] In ***Griffith***, the court noted that "courts are cautious about permitting tort recovery based on contractual breaches" and that the "'gist of the action' doctrine . . . operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims." ***Id.*** at 581. "[I]t is possible that a breach of contract also gives rise to an actionable tort . . . . To be construed as in tort, however, the wrong ascribed to defendant must be the gist of the action, the contract being collateral." ***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 66 (Pa. 2014) (citation and quotation marks omitted).

> Distress for rent in arrears is one of the most ancient of the landlord's self-help remedies for the collection of rent. The remedy is now governed by the distraint provision of the Landlord and Tenant Act of 1951, which essentially codify a landlord's common-law right to distrain, expanded however by a provision empowering landlords to sell distrained goods. As it was at common law, distress is a right belonging to the landlord whenever the relation of landlord and tenant exists, and the statute makes no fundamental change in a tenant's right to protect himself or herself in instances of unjustifiable distraint.
>
> *    *    *
>
> The distraint procedures of the Landlord and Tenant Act, insofar as they are not unconstitutional, are obligatory since the Act integrates prior statutory and case law and there is no longer a common-law right of distraint independent of the statute and noncontractual in nature.

8A Summary of Pa. Jurisprudence 2d Property § 26:183 (footnotes omitted); *see* 68 P.S. § 250.302; *see also* Restatement (Second) of Torts § 273. The Superior Court, however, held that the Landlord and Tenant Act's distraint provisions are unconstitutional. *See Allegheny Clarklift, Inc. v. Woodline Indus. of Pa., Inc.*, 514 A.2d 606, 609 (Pa. Super. 1986); *accord Smith v. Coyne*, 722 A.2d 1022, 1025 (Pa. 1999) ("The landlord's right to distrain, for example, although permitted by the Act, has been held unconstitutional." (footnote omitted)).

Instantly, Appellants raised conversion and distraint in their new matter. Conversion and distraint, however, are claims. *See Griffith*, 834 A.2d at 581; 8A Summary of Pa. Jurisprudence 2d Property § 26:183. Conversely, conversion and distraint are not affirmative defenses or material

facts capable of defeating a breach of contract claim. **See** Pa.R.C.P. 1030(a); **Sass**, 74 A.3d at 1061. Appellants failed to raise conversion and distraint as counterclaims. **See** Pa.R.C.P. 1031(a); **cf. Bruno**, 106 A.3d at 66 (noting tort **claim** may arise from breach of contract). Further, because Appellants are tenants and not landlords, they have no right to distrain. **See Smith**, 722 A.2d at 1025. Regardless of whether they had standing to raise such claims, Appellants cannot invoke tort claims within a new matter to setoff damages awarded for Appellee's breach of contract claim. **See** Pa.R.C.P. 1030(a), 1031(a). Thus, we affirm, albeit on other grounds. **See In re Strahsmeier**, 54 A.3d at 364 n.17.

Regardless, the contract does not provide for a setoff. Further, one of the elements of conversion is the absence of lawful justification. **See Griffith**, 834 A.2d at 58. As set forth above, the parties stipulated that Sovereign Bank had a lien on Appellants' assets, and the mortgage provided that Sovereign Bank or its agent could possess Appellants' assets. **See** ARR-205, ARR-316. It follows that seizure of Appellants' assets was justified under the mortgage. **See Griffith**, 834 A.2d at 58. With respect to distraint, the claim is unavailable to Appellants, as this Court held it was unconstitutional and Appellants are not landlords. **See Allegheny Clarklift**, 514 A.2d at 609; **accord Smith**, 722 A.2d at 1025.

In support of their second issue, Appellants contend that the trial court erred by holding that no conversion or distraint occurred. Appellants reason

that the trial court's holding was based on its conclusion that Sovereign Bank's actions were lawful. Appellants thus posit that because the bank's actions were illegal, the trial court's holding—no conversion or distraint occurred—must fail. We conclude Appellants are due no relief. As noted above, Appellants failed to raise counterclaims for conversion and distraint. Thus, absent such counterclaims, Appellants cannot setoff or otherwise recoup damages awarded for Appellee's breach of contract claim. Accordingly, we affirm, albeit on other grounds.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2016