544 A.2d 1095

Joseph M. Marron (Deceased), by his widow, Mary Jean Marron, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued April 21, 1988, before Judges MacPhail and Smith, and Senior Judge Barbieri, sitting as a panel of three.

*Elliot A. Strokoff, Handler, Gerber, Johnston, Strokoff & Cowden,* for petitioner.

*Richard D. Michlovitz,* for respondent.

Opinion by Judge MacPhail, July 26, 1988:

Mrs. Marron (Claimant) appeals from an adjudication of the State Employees' Retirement Board (Board) which denied her request to void her late husband's election to receive disability retirement benefits under Option 2 and permit Claimant to elect a lump-sum death benefit. We affirm.

From the record, we ascertain the following background of this case. Mr. Marron (Decedent) was employed by the Department of Revenue on January 10, 1972. He developed heart disease in 1976, an ulcer a

few years later, and kidney disease in 1983. His last days of work occurred in January 1984. He died June 27, 1985 at age fifty-two.

On January 17, 1984, Decedent requested a disability retirement benefit estimate from the Department of Revenue. That estimate was prepared and mailed to him on January 20, 1984 by Ms. Shaffer, an employee of the Department of Revenue, designated as a retirement counselor, who had undergone several days of instruction at training sessions conducted by the Board for preparation of retirement benefit estimates and the counseling of potential retirees. On February 8, 1984, Ms. Shaffer conducted a one and one-half hour telephone conference with Decedent regarding his retirement options. Ms. Shaffer testified that she went over the three disability retirement options available to Decedent, reviewed the benefit estimate previously mailed to him, and explained what Decedent had to do before the Board would accept his retirement application. Ms. Shaffer also went over a retirement counselor's "checklist" with the Decedent, she asking the questions and he checking the appropriate blank on the checklist.

Ms. Shaffer testified that Decedent related his physical condition to her and indicated that he had a wife and a nineteen-year old daughter in college. Ms. Shaffer did not inquire about, nor did Decedent volunteer, information regarding Decedent's personal financial circumstances.

Decedent's application for benefits to the Board indicated that he elected Option 2 and that Claimant, his wife, was the named survivor annuitant. On the effective date of his annuity, the present value thereof was $53,293.67. He received a monthly benefit of $554.42 from February 28, 1984 until the date of his death. Since his death, Claimant has been receiving a monthly annuity of $242.94.

Claimant, following her husband's death, requested a lump-sum payment from the Board in lieu of the monthly annuity. The request was denied. Claimant appealed to the Board. An administrative hearing was held, following which the Board filed an adjudication containing findings of fact and conclusions of law. Claimant then timely filed the instant appeal to this Court.

In her appeal, Claimant posits that where an annuitant elects a retirement benefit option on the basis of grossly inadequate and insufficient counseling, that election is voidable.

Section 5704 of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5704, provides that a *member* of the retirement system, if eligible for a disability annuity, is entitled to the *election* of a joint and survivor annuity based upon that portion of the disability annuity to which he would be entitled under Section 5702 of the Code, 71 Pa. C. S. §5702 (maximum single life annuity). Under Option 1, an annuitant receives the largest monthly benefit of the several options available, with a life annuity guaranteed total payment equal to the present value of the annuitant's maximum single life annuity. At the death of the annuitant, the named survivor beneficiary receives the difference, *if any,* between what the annuitant has received during his or her lifetime and the present value of the annuity at the effective date of retirement, or termination of service.

Option 2, elected by Decedent, provides for a lesser monthly annuity than Option 1 during the annuitant's lifetime, and one-half of that sum payable thereafter for the duration of the life of the survivor annuitant.

It is also provided in Section 5907(j) of the Code, 71 Pa. C. S. §5907(j), and in 4 Pa. Code §§247.5 and 249.7(d), that with one narrow exception, a plan once chosen may not thereafter be changed by an annuitant. There is no provision in the Code which permits a

survivor annuitant to change a plan elected by the employee-member.

As we have noted, the gravamen of Claimant's appeal is that Decedent was inadequately or improperly counseled. Section 5906(f) of the Code, 71 Pa. C. S. §5906(f), requires that the head of each department appoint an employee who shall assist the head of the department, as retirement counselor, in advising employees of their "rights and duties" as members of the system. Sections 5701-5710 inclusive of the Code, 71 Pa. C. S. §§5701-5710, describe in detail the benefits, options, and methods of payment of benefits for those eligible to participate in the system. The record in the instant case reveals that Ms. Shaffer advised Decedent of his options and provided him with an estimate of the payments he would receive under each of those options. She further advised him regarding his medical/hospital coverage and recommended that he contact Social Security regarding additional benefits to which he might be entitled. She also advised him of the death benefits provided under each option, according to the checklist.

Ms. Shaffer did not inquire about the Decedent's personal financial situation, his obligations regarding his daughter's education, his wife's health, or his own projected life expectancy in light of his physical condition. Ms. Shaffer did not advise Decedent as to which option he should select.

We must agree with the Board that Ms. Shaffer did what the law required of her. The omissions alleged by Claimant simply do not relate to the employer's obligations as set forth in the Code. Claimant contends that Decedent should have elected Option 1 and that he should have been counseled to do so. She cites nothing in the Code that requires or even permits the counselor to give such advice.

We note, moreover, that Decedent may have desired that his wife have a guaranteed lifetime benefit as opposed to a benefit which depended upon his own longevity. While Claimant characterizes the Decedent's election under the circumstances as "unconscionable," we find Decedent's election to have been quite plausible, notwithstanding those circumstances. In any event, it is clear that it was *Decedent's* choice to make,[1] and he was the person in the best position to know what his personal circumstances were—physical and otherwise.

While admitting that Ms. Shaffer neither said nor did anything that misled Decedent in making his election, Claimant still insists that Ms. Shaffer, because she was in a confidential relationship with Decedent, *see Drob v. Jaffe,* 351 Pa. 297, 41 A.2d 407 (1945), owed a duty to do more than she did in her counseling. We cannot agree. The Code narrowly restricts retirement counseling to "rights and duties" of the system members. Once it appears that the member's rights and duties were fully explained, as is the case here, the counselor's obligation under the Code has been discharged.

Absent a mistake in the calculation of benefits or any fraudulent or misleading conduct on the part of Ms. Shaffer,[2] the Board could not lawfully accede to Claimant's request to grant her a lump-sum benefit. Even though hindsight now *may*[3] indicate that in view of the events that transpired *after* the election was made, Option 1 was preferable, we cannot reverse the hands of time.

---

[1] Claimant testified that Decedent never discussed his options with her.

[2] *See* Section 5904 of the Code, 71 Pa. C. S. §5904.

[3] It was the late Dwight D. Eisenhower who once said, "Even hindsight is not always 20/20."

Being satisfied that the Board's findings of fact are fully supported by substantial evidence in the record, that there has been no error of law and that Claimant's constitutional rights have not been violated, Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 and *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), we affirm the Board's adjudication.

### ORDER

The order of the State Employees' Retirement Board dated March 4, 1987 in the above-captioned matter, is affirmed.