**Doris A. TETI, Petitioner**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 2009.

Decided Sept. 11, 2009.

---

Charles R. Rosamilia, Jr., Lock Haven, for petitioner.

Jill S. Vecchio, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The issue on appeal is whether the widow of a member of the Pennsylvania State Employees' Retirement System (SERS) may retroactively elect an annuity option that was not available to the member at the time he retired. In particular, Doris A. Teti (Claimant) petitions for review from a decision of the State Employees' Retirement Board (Board) denying a request to change her husband's disability annuity to a withdrawal annuity (commonly known as early retirement) with a survivor benefit. Discerning no error in the Board's order, we affirm.

Richard E. Teti (Decedent), a former Department of Corrections' employee, joined SERS in 1984. After working a little over five years, Decedent retired in 1989 at the age of 44 with a disability annuity. In 1989, the State Employees' Retirement Code (Retirement Code)[1] provided two options for members of Decedent's age who applied for a disability annuity and had less than 10 years of credited state service: members could withdraw their contributions or receive a disability annuity. Decedent elected the latter option. A disability annuity did not allow a member to elect a joint and survivor benefit.

After receiving a disability annuity for nearly 16 years, Decedent passed away in February 2005. Claimant later filed a request for a survivor benefit with the Board. The Board's former director of benefits' determination denied Claimant's request on the basis that Decedent accrued only 5.0174 years of credited state service before retirement and, therefore, he was not entitled to elect an annuity option that provided for a survivor benefit.

Claimant's subsequent appeals lead to the appointment of a Board hearing examiner. At hearing, SERS presented the testimony of its administrative assistant in the bureau of benefits administration, who explained the process by which Decedent began receiving a disability annuity and the events leading to the hearing. SERS also presented the testimony of its bureau director of member services. The bureau director reviewed the calculation of Decedent's benefits as well as other standard documentation provided to retiring members. Of particular note, SERS offered into evidence Decedent's application for a disability annuity. Decedent completed the section of the application pertaining to members with less than 10 years of credit-

---

1. 71 Pa.C.S. §§ 5101–5956.

ed service. Certified Record (C.R.) at Hr'g Tr., at SERS' Ex. 6.[2] On one form, Decedent acknowledged he was entitled to a disability annuity only. *Id.* at SERS' Ex. 7.

Claimant testified as to her marital relationship to Decedent and her current income. She also submitted various documents indicating Decedent named her and his stepchildren as beneficiaries of his state pension and state-sponsored life insurance. *Id.* at Claimant's Exs. 2; 6; 7.

The hearing examiner recommended denial of Claimant's appeal. The hearing examiner first found that at the relevant time the Retirement Code did not permit members of Decedent's age with less than 10 years of credited service to elect an annuity with a survivor benefit. The hearing examiner also rejected Claimant's arguments that the 2001 amendments to the Retirement Code,[3] which reduced the number of credited service years required for annuity eligibility, applied retroactively. In addition, the hearing examiner was not persuaded by Claimant's argument that Decedent's annuity is marital property, thus entitling her to continued benefits. Finally, the hearing examiner rejected Claimant's assertions that Decedent's elec-

tion of the disability annuity was invalid because she did not consent.

Claimant filed exceptions to the hearing examiner's recommendation. The Board overruled and dismissed Claimant's exceptions and further denied her request to elect a survivor benefit option to Decedent's disability annuity. The Board also determined the 2001 amendments to the Retirement Code do not apply retroactively to Decedent's 1989 election.

On appeal,[4] Claimant's primary argument reasserts her position that Decedent's disability pension is a marital asset under the Divorce Code[5] over which she has control and, thus, she may elect an annuity option allowing for a survivor benefit. She also contends Decedent's annuity election was invalid because she did not consent to it. Neither argument is persuasive.

This case involves application of the relevant statutory language. Section 5308 of the Retirement Code, 71 Pa.C.S. § 5308, identifies three types of annuities available to members: superannuation, withdrawal (commonly known as early retirement), and disability. At the time of Decedent's retirement in 1989, a SERS member of superannuation age[6] with three years of

**2.** Decedent recognized his beneficiaries would receive his total accumulated deductions less one-third of the total payments he received during his life. Certified Record (C.R.) at Hr'g Tr., 3/28/06, at SERS' Ex. 6. Because Decedent exhausted his contributions of $9,451.83 prior to death, Claimant received only that portion of Decedent's monthly disability annuity payable up to the date of death. *See* 71 Pa.C.S. § 5707(d) (relating to death benefits of disability annuitants ineligible for withdrawal annuity).

**3.** Act of May 17, 2001, P.L. 26.

**4.** Our review of a state agency determination is limited to determining whether the necessary findings of fact were supported by the record, whether constitutional rights were vi-

olated, or whether errors of law were made. *Welsh v. State Employees' Ret. Bd.*, 808 A.2d 261 (Pa.Cmwlth.2002). An administrative agency's interpretation of the statute it is charged with enforcing is entitled to great deference and, unless plainly erroneous, will be affirmed on appeal. *Rinaldi v. Bd. of Vehicle Mfrs., Dealers & Salespersons*, 843 A.2d 418, 420 n. 4 (Pa.Cmwlth.2004).

**5.** 23 Pa.C.S. §§ 3101–3904.

**6.** Superannuation age is "[a]ny age upon accrual of 35 eligibility points or age 60...." 71 Pa.C.S. § 5102. Active members of the system accrue one eligibility point for each year of credited service. *See* 71 Pa.C.S. § 5102 (definitions of credited service and eligibility points).

credited service was eligible for a super-annuation annuity pursuant to 71 Pa.C.S. § 5308(a). A member who terminated state service after accruing 10 or more years of credited service was eligible for a withdrawal annuity under 71 Pa.C.S. § 5308(b). Finally, a member with at least five years of credited service who became physically or mentally incapable of performing his duties qualified for a disability annuity pursuant to 71 Pa.C.S. § 5308(c).

At retirement, Decedent was 44–years–old with 5.0174 years of credited service. Decedent was therefore not eligible for an annuity under either Section 5308(a) (superannuation–35 eligibility points or 60 years old) or 5308(b) (withdrawal–10 years credited service). The only available options to Decedent at the time of his retirement were a return of his contributions, 71 Pa.C.S. § 5701, or a disability annuity pursuant to Section 5308(c). In this case, Decedent applied for and was granted a disability annuity.

Section 5704(a) of the Retirement Code governs the calculation of disability annuity benefits. This Section relevantly provides:

> A member who has made application for a disability annuity and has been found to be eligible in accordance with the provisions of section 5905(c)(1) (relating to duties of the board regarding applications and elections of members) shall receive a disability annuity payable from the effective date of disability as determined by the board and continued until a subsequent determination by the board that the annuitant is no longer entitled to a disability annuity.... *The member shall be entitled to the election of a joint and survivor annuity on that portion of the disability annuity to which he is entitled under section 5702.*

71 Pa.C.S. § 5704(a) (emphasis added).

Thus, Section 5704(a) allows a member to elect a joint and survivor annuity for that portion of his disability annuity which meets the requirements of Section 5702 of the Retirement Code, 71 Pa.C.S. § 5702.

In turn, Section 5702(a) sets forth the method of calculating the maximum single life annuity for members who qualify for an annuity under *Sections 5308(a) or (b).* 71 Pa.C.S. § 5702. Because Decedent did not qualify for an annuity under Section 5308(a) (superannuation) or (b) (withdrawal), no portion of his benefits was calculated pursuant to Section 5702. Consequently, Decedent could not elect a joint and survivor annuity.

In 1991, the General Assembly amended the Retirement Code. For current purposes, Sections 5702 and 5704(a) remain unchanged. A disability annuitant still may elect a joint and survivor benefit for that portion of his annuity to which he is entitled under Sections 5308(a) (superannuation) or (b) (withdrawal). 71 Pa.C.S. §§ 5702; 5704(a).

Important here, the 2001 amendments reduced the required number of credited years of service in order to be eligible for a withdrawal annuity under Section 5308(b). A withdrawal annuity now may be awarded to a member who terminates state service after accruing five or more eligibility points. 71 Pa.C.S. § 5308(b). Had the current version of Section 5308(b) been in effect at the time of his retirement, Decedent here would have been eligible for a withdrawal annuity based on his credited years of service and could have elected a survivor benefit.

■■■ However, a statute "shall be constructed prospectively unless the legislature clearly intended otherwise." *Sher v. Berks County Bd. of Assessment Appeals,* 940 A.2d 629, 635 (Pa.Cmwlth.2008); 1 Pa. C.S. § 1926 ("No statute shall be construed to be retroactive unless clearly and

manifestly so intended by the General Assembly."). There is a presumption against retroactive application of a statute. *Id.* However, "[w]here no vested right or contractual obligation is involved, an act ... is not impermissibly construed retroactively when applied to a condition on its effective date, even though the condition results from events which occurred prior to that date." *Sher,* 940 A.2d at 635 (quoting *R & P Servs., Inc. v. Dep't of Revenue,* 116 Pa.Cmwlth. 230, 541 A.2d 432, 434 (1988)).

Here, Decedent clearly had a contractual right in his disability pension, and retroactive application of the 2001 amendments to the Retirement Code would impose new legal burdens on SERS contrary to the parties' contract. Thus, the presumption against retroactive application stands.

On appeal, Claimant does not cite any statutory provision clearly showing the General Assembly intended retroactive application of the 2001 amendments to the Retirement Code. Rather, the General Assembly provided a transitional rule for those members who did not accrue sufficient annuity eligibility points [7] prior to the 2001 amendments:

> In determining whether a member who is not a State employee ... on June 30, 2001, and July 1, 2001, and who has previous State service (except a disability annuitant who returns to State service after June 30, 2001, upon termination of the disability annuity) has the five eligibility points required by sections 5102 (relating to definitions), *5308(b) (relating to eligibility for annuities),* 5309 (relating to eligibility for vesting), 5704(b) (relating to disability annuities) and 5705(a) (relating to member's options), only eligibility points earned by

performing credited State service ... after June 30, 2001, shall be counted until such member earns one eligibility point by performing credited State service ... after June 30, 2001, at which time all eligibility points as determined pursuant to subsection (a) shall be counted.

71 Pa.C.S. § 5307(b)(1) (emphasis added). In other words, members not employed by the State on June 30 or July 1, 2001 may return to state service after June 30, 2001 for a period of one year and, at the year's conclusion, have all previously earned eligibility points counted toward the required five years of credited service for annuity eligibility.

Applying the transitional rule here, Decedent never returned to state service after June 30, 2001; therefore, the earlier version of Section 5308 governs Decedent's annuity options. Because Decedent could elect only a disability annuity, there is no authority allowing for election of a survivor benefit.

The Supreme Court's decision in *Rupert v. Policemen's Relief & Pension Fund of City of Pittsburgh,* 387 Pa. 627, 129 A.2d 487 (1957), is instructive on this issue. In *Rupert,* the decedent applied for membership in the city's police pension fund. The statutory law at the time of decedent's membership application provided that all member contributions would be paid to the member or his executor or administrator upon resignation or death while in active service. The decedent remained in active service for 20 years after joining the pension fund. In the period between the decedent's membership application and his death, the General Assembly amended the

---

7. Active members of the system accrue one eligibility point for each year of credited service, that is, service during which the required contributions have been made to the system. 71 Pa.C.S. § 5102 (definitions of credited service and eligibility points); 5307 (relating to eligibility points).

statutory language to allow a member's contributions to be paid first to his widow, and if no widow survived, then to his executor or administrator. After the decedent's death, his widow claimed entitlement to the decedent's contributions under the amended statute.

The Supreme Court employed a statutory construction analysis to uphold denial of the widow's claim. Finding the amended statute was intended to apply prospectively, the Court noted that the pension fund's obligation to remit the decedent's contribution to his executor or administrator under the prior law induced the decedent to join the pension fund; otherwise he could have simply bequeathed his property as he wished or allowed it to pass under the intestate laws. The Court determined retroactive application of the amended statute would be a clear deviation from the terms expressed in the contract to which the decedent agreed.

Similarly, here Decedent was advised in the presence of counsel he could withdraw his contributions with interest or elect a disability annuity which did not permit a survivor benefit. C.R., Hr'g Tr. at 27; SERS' Exs. 6; 7. Decedent could have withdrawn his contributions and invested them to ensure Claimant had continuing income after his death. However, Decedent elected to receive a guaranteed income during his lifetime which, in the end, far exceeded his contributions into the retirement fund. We may not now alter the agreement made by Decedent, *Rupert,* and Claimant cannot elect an annuity option which was not available to him. *Cf. Marshall v. State Employees' Ret. Sys.,* 887 A.2d 351 (Pa.Cmwlth.2005) (alternate payee's rights are derivative to the member's and subject to the same contingencies affecting member's entitlement to benefits).

In addition, SERS members enjoy only those rights created by the Retirement Code. *Burris v. State Employees' Ret. Bd.,* 745 A.2d 704 (Pa.Cmwlth.2000). Rights under the Retirement Code are so personal that no person can exercise those rights on the member's behalf. *Cosgrove v. State Employes' Ret. Bd.,* 665 A.2d 870 (Pa. Cmwlth.1995); *Bittenbender v. State Employees' Ret. Bd.,* 154 Pa.Cmwlth. 11, 622 A.2d 403 (1992); *Bowers v. State Employes' Ret. Bd.,* 29 Pa.Cmwlth. 561, 371 A.2d 1040 (1977).

More recent cases reinforce the personal rights of the members to elect annuity options by rejecting widows' attempts to elect different annuities than those elected by their deceased spouses. *See Welsh v. State Employees' Ret. Bd.,* 808 A.2d 261 (Pa.Cmwlth.2002) (widow could not elect survivor annuity where decedent elected lump sum withdrawal and monthly benefit without a survivor); *Stevenson v. State Employees' Ret. Bd.,* 711 A.2d 533 (Pa. Cmwlth.1998) (same); *Marron by Marron v. State Employes' Ret. Bd.,* 118 Pa. Cmwlth. 174, 544 A.2d 1095 (1988) (widow could not elect lump sum payment where decedent elected monthly survivor annuity). *Cf. Bowers* (widow could not make back payments to retirement fund after decedent's death in order to receive higher survivor benefit).

In short, there is nothing in our law permitting Claimant to elect a benefit option which was unavailable to Decedent at the time of his retirement or allowing Claimant to change Decedent's election.

We are also not persuaded by Claimant's arguments that Decedent's election is invalid because she did not consent to it and that her right to control marital assets entitles her to a new annuity election. Initially, the Retirement Code does not require a member's spouse to consent to the

member's election of a benefit option.[8] In similar cases, we have held that SERS members may change beneficiaries of their state retirement benefits at any time without notice to previously-named beneficiaries. *See Titler v. State Employees' Ret. Bd.*, 768 A.2d 899, 903 (Pa.Cmwlth.2001) ("[t]he Retirement Code provides no mechanism by which a spouse may determine the designated beneficiary of the member spouse, nor does it require that the member provide his or her spouse notice when a change in beneficiary occurs"); *Hoffman v. Pa. State Employes' Ret. Bd.*, 743 A.2d 1014 (Pa.Cmwlth.2000).

The estranged widow in *Hoffman* made claims similar to those of Claimant here. In particular, she asserted a denial of due process because she was not notified of her husband's designation of a new beneficiary, and she alleged a marital interest in her husband's death benefits which trumped her husband's change of beneficiaries. During divorce proceedings, the *Hoffman* widow did not obtain either an injunction preventing her husband from changing beneficiaries or an approved domestic relations order addressing distribution of the decedent's death benefits.

We upheld the Board's decision to pay the death benefits to another named beneficiary. In doing so, we recognized "the General Assembly has created no right in the spouse of a member to the death benefits" provided in the Retirement Code. *Id.* at 1017. Consequently, the widow had no property interest in her husband's death benefits. Without a property interest, there could be no due process violation. *Pa. Game Comm'n v. Marich*, 542 Pa. 226, 666 A.2d 253 (1995).

Applying *Hoffman* here, two things are evident. First, the Divorce Code has no application because Claimant and Decedent were married at the time of Decedent's death. Second, the Retirement Code does not grant a spouse a property interest in the member's spouse's disability benefit. Hence, Claimant possessed no cognizable property interest in Decedent's disability annuity. *Hoffman; Titler.* Claimant's arguments are therefore unavailing, and we affirm.

### *ORDER*

AND NOW, this 11th day of September, 2009, the order of the State Employees' Retirement Board is **AFFIRMED.**

---

8. The federal Employee Retirement Income Security Program (ERISA), 29 U.S.C. §§ 1001–1461, requires survivor consent in certain instances. ERISA, however, does not apply to government plans, including the SERS plan. 29 U.S.C. §§ 1002(32) (definition of government plan); 1003(b)(1) (exclusion of government plans from ERISA).