IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eleanor Yale (Account of Frank Yale), :
                Petitioner :
                 :   No. 178 C.D. 2016
           v. :
                 :   Submitted: June 17, 2016
State Employees' Retirement System :
(SERS), :
                Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: January 18, 2017


      Eleanor Yale (Petitioner) petitions for review of the January 15, 2016 order of the State Employees' Retirement Board (Board) adopting the opinion and recommendation of the hearing examiner to deny Petitioner's request to be paid additional benefits as the surviving spouse of Frank Yale (Decedent).

      The underlying facts of this case are not in dispute and were stipulated to by the parties before the Board. Petitioner and Decedent were married on August 19, 1961. Decedent was employed by the Pennsylvania State Police, from which he retired on January 5, 1991, with 32.7840 years of service credit. Prior to his retirement, Decedent elected to receive his monthly annuity payment under Option 1 of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§5101-5956. The terms of Option 1 are as follows:

> Option 1. — A life annuity to the member with a guaranteed total payment equal to the present value of the maximum single life annuity on the effective date of retirement with the provision that, if, at his death, he has received less than such present value, the unpaid balance shall be payable to his beneficiary.

71 Pa.C.S. §5705(a)(1). At the time of his retirement, Decedent voluntarily designated Petitioner as his beneficiary to receive any amount payable under Option 1 at the time of his death. In fact, Decedent voluntarily retained Petitioner as his designated beneficiary throughout his retirement. The State Employees' Retirement System (SERS) disbursed annuity payments to Decedent from the date of his retirement to the date of his death, June 4, 2013, with the monthly annuity payments to Decedent totaling $372,625.48 more than the initial present value of Decedent's retirement account. Thus, Decedent's retirement account was exhausted by the time he died and no death benefit was payable to Petitioner. (Reproduced Record (R.R.) at 61-63.)

Additionally, the parties stipulated that the Retirement Code does not provide for automatic survivor payments to a deceased member's spouse and that a member's rights under the Retirement Code are personal to the member and, in the absence of a court order to the contrary, a member's spouse has no legal interest in the member's retirement benefit. (R.R. at 62, 64.) The parties also stipulated that SERS is a governmental retirement plan for government employees and, therefore, "ERISA and the Retirement Equity Act of 1984 do not apply to SERS."[1] (R.R. at 64.) Further, the parties stipulated that a member of SERS may select any retirement

---

[1] ERISA refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461. The Retirement Equity Act of 1984 is codified at 29 U.S.C. §1056(d).

2

benefit option for which they are eligible at the time of retirement without any sign-off by the member's spouse or any other party. (R.R. at 62.)

Following notification of Decedent's death, SERS informed Petitioner that she would receive a check in the amount of $506.13, representing a prorated portion of Decedent's annuity payment for the month of his death, as final settlement of Decedent's retirement account. By letter dated October 23, 2013, Petitioner, through counsel, demanded that SERS recalculate the amount payable to her. SERS, however, rejected this demand and Petitioner appealed to SERS's Appeals Committee. On February 14, 2014, SERS's Appeals Committee denied Petitioner's appeal. Petitioner then appealed to the Board, raising issues that the failure to obtain a signoff constituted sexual discrimination and was violative of the provisions of ERISA. Petitioner also alleged that she maintained an equitable lien against Decedent's pension pursuant to the Divorce Code, 23 Pa.C.S. §§3101-3904. (R.R. at 86-94.)

The Board appointed a hearing officer to preside over the matter, who conducted a hearing on June 30, 2015. SERS presented the testimony of Dana Shettel, an administrative officer for the Board. Shettel prepared a chronology of events relating to Petitioner's claim, consistent with the parties' stipulation, and recited the same before the hearing officer. SERS next presented the testimony of David Tarsi, Director of the Board's Bureau of Member Services. Tarsi identified a copy of Decedent's original application for retirement allowance, executed on December 12, 1990, wherein Decedent chose Option 1. Tarsi compared Option 1 to a checking account, with an established value that is reduced each time a check is sent, but the difference being that the checks will continue even after the balance reaches zero until a member's death. Once the balance is exhausted, Tarsi explained that no

3

death benefit will be paid. Tarsi also identified a nomination of beneficiary form executed by Decedent that same day naming Petitioner as his beneficiary. Tarsi noted that a 2006 Personal Statement of Retirement Benefits advised Decedent that his initial present value had been exhausted but that he would continue to receive annuity payments for his lifetime consistent with his choice of an Option 1 retirement. Tarsi stated that these statements are provided annually and each one after 2006 reflected this same information. (R.R. at 102-124.)

On cross-examination, Tarsi conceded that Petitioner did not sign off with respect to Decedent's selection of an Option 1 retirement. However, Tarsi explained that Decedent could have chosen Option 2 or Option 3, through which the member would receive a reduced annuity and, upon the member's death, his named survivor would receive either that same amount, or half of that amount, respectively, for the remainder of his/her life. On re-direct examination, Tarsi noted that, at the time of his retirement, Decedent elected to withdraw all of his contributions and interest and that he received the same in a single, lump-sum payment. Tarsi stated that after a member receives his contributions and interest, the remaining monies represent the Commonwealth's share of the pension. In re-cross examination, Tarsi testified that, by statute, the Commonwealth's share must be paid out monthly over the member's lifetime. Finally, Tarsi reiterated that Petitioner had no interaction with Decedent's choice of options. (R.R. at 125-133.)

Finally, SERS presented the testimony of Debra Murphy, Director of SERS's Benefit Determination Division. Murphy identified a copy of a letter from SERS to Decedent dated February 12, 1991, explaining Decedent's choice of an Option 1 retirement, establishing a present value to his retirement account of $579,065.66, and providing that if he should die before this amount is exhausted, any

4

balance would be paid to his beneficiaries. Murphy also identified SERS's final settlement letter, addressed to Petitioner because she was Decedent's named beneficiary. Additionally, Murphy identified an audit review of Decedent's account describing the present value of his account established at the time of his retirement and the amounts paid to him over the years, which revealed that he received $372,625.48 in excess of that present value. (R.R. at 135-142.)

On cross-examination, Murphy acknowledged that Decedent withdrew all of his contributions at the time of his retirement without any signoff from Petitioner. Further, Murphy conceded that the remaining funds, representing the Commonwealth's contributions, were paid to Decedent monthly without any signoff from Petitioner. Finally, when asked where these rules originate, Murphy responded the Retirement Code. (R.R. at 143-144.)

By opinion dated September 18, 2015, the hearing officer recommended that Petitioner's appeal be denied. (R.R. at 6-22.) The hearing officer concluded that Petitioner failed to sustain her burden of proving that she is entitled to retirement benefits from Decedent's SERS account under the Retirement Code. (R.R. at 14.) The hearing officer described Decedent's choice of an Option 1 retirement as final and binding, consistent with section 5907(j) of the Retirement Code, 71 Pa.C.S. §5907(j) (prohibiting an annuitant from changing a benefit plan), and section 249.7(d) of the Board's regulations, 4 Pa. Code §249.7(d) (describing election of option as an "irrevocable choice"). *Id.* The hearing officer noted that the Retirement Code contains no provision requiring a member's spouse to consent to the member's election of a benefit option. *Id.*

Additionally, the hearing officer noted that Petitioner does not maintain an equitable lien on Decedent's retirement benefits and is not entitled to retirement

5

benefits under ERISA. *Id.* The hearing officer also concluded that the "[r]ights provided to SERS members under the Retirement Code are so personal that no person may exercise those rights on the member's behalf," citing *Teti v. State Employees' Retirement Board*, 981 A.2d 399, 404 (Pa. Cmwlth. 2009), and that the Retirement Code does not provide for automatic survivor payments to a deceased member's spouse. (R.R. at 14.) Further, the hearing officer concluded that Petitioner was not entitled to benefits as a result of Decedent's election of an Option 1 retirement and the exhaustion of the present value of his retirement account. (R.R. at 14-15.)

In his discussion, the hearing officer specifically rejected Petitioner's claims of sexual discrimination and entitlement to benefits under ERISA or the Divorce Code. (R.R. at 15, 18-21.) Regarding Petitioner's claim of sexual discrimination, the hearing officer relied on his conclusions set forth above and noted, citing *Weaver v. Harpster*, 975 A.2d 555, 572 (Pa. 2009), that our Supreme Court has refused to invoke the Equal Rights Amendment to invalidate a statute, such as the Retirement Code in the present case, that makes no distinctions based on gender. (R.R. at 18.) Regarding ERISA, the hearing officer noted that by its very terms, ERISA does not apply to a governmental employee benefit plan, 29 U.S.C. §1003(b)(1). (R.R. at 19.) Regarding the Divorce Code, the hearing officer noted that we rejected an identical argument in *Teti* on the basis that, like the Petitioner and Decedent here, the claimant and her late husband were still married at the time of his death. (R.R. at 20.)

Petitioner thereafter filed exceptions to the hearing officer's opinion and recommendation, alleging, *inter alia*, that Decedent's election of an Option 1 retirement was not final and binding, that Decedent's pension was marital property under the Divorce Code, and that SERS was required to obtain consent or a written

6

signoff as is the standard under ERISA. (R.R. at 194-95.) SERS also filed a technical exception seeking to strike the hearing officer's partial quotation of section 5705(a) of the Retirement Code, 71 Pa.C.S. §5705(a), in Finding of Fact No. 9, as the quoted language relates to a "special vestee" and does not apply to Decedent. (R.R. at 191-192.) By opinion and order dated January 15, 2016, the Board granted SERS's technical exception, denied Petitioner's exceptions, and adopted the opinion and recommendation of the hearing officer to deny Petitioner's request to be paid additional benefits as the surviving spouse of Decedent. (R.R. at 200-04.) Petitioner subsequently filed a petition for review with this Court. (R.R. at 207-08.)

On appeal,[2] Petitioner argues that the Board erred in denying her request to be paid additional benefits as the surviving spouse of Decedent, reiterating her contentions that the present statutory system, i.e., not requiring a signoff, constitutes sexual discrimination prohibited by the United States and Pennsylvania Constitutions, and was violative of the provisions of ERISA and the Divorce Code. We disagree.

As aptly found by the hearing officer, at the time of his retirement, Decedent chose to withdraw his member contributions and interest and receive the same in the form of a single, lump-sum payment. Decedent also elected to receive his monthly annuity payments under Option 1 of the Retirement Code, 71 Pa.C.S. §5705(a)(1). As noted above, under this option, a death benefit is only payable to a

---

[2] Our review of a state agency determination is limited to determining whether the necessary findings of fact were supported by the record, whether constitutional rights were violated, or whether errors of law were made. *Welsh v. State Employees' Retirement Board*, 808 A.2d 261, 264 n.5 (Pa. Cmwlth. 2002). Moreover, an administrative agency's interpretation of the statute it is charged with enforcing is entitled to great deference and, unless plainly erroneous, will be affirmed on appeal. *Rinaldi v. Board of Vehicle Manufacturers, Dealers & Salespersons*, 843 A.2d 418, 420 n.4 (Pa. Cmwlth. 2004).

7

beneficiary if the member had received less than the present value of his retirement account. However, when Decedent passed on June 4, 2013, it is undisputed that he had exhausted his account and had actually received $372,625.48 more than the present value established at the time of his retirement. Hence, while Decedent named Petitioner his beneficiary, there were simply no monies remaining in Decedent's account to pay Petitioner a death benefit.

Also, there is no question that SERS benefits are personal to the member, that members enjoy only those rights created by the Retirement Code and no person can exercise those rights on the member's behalf, and that a member may choose any benefit option available at the time of retirement. *Teti*, 981 A.2d at 404; *see also Cosgrove v. State Employees' Retirement Board*, 665 A.2d 870, 874 (Pa. Cmwlth. 1995). Additionally, section 5907(j) of the Retirement Code and section 249.7(d) of the Board's regulations effectively prohibit a member from changing a benefit plan, except in limited circumstances not applicable here. Indeed, section 5907(j) provides that:

> A member who is eligible and elects to receive a reduced annuity under Option 1, 2, 3, or 4, shall nominate a beneficiary or a survivor annuitant, as the case may be, by written designation filed with the board at the time of his retirement. A member who has elected Option 1 may change his designated beneficiary at any time. A member having designated a survivor annuitant at the time of retirement shall not be permitted to nominate a new survivor annuitant unless such survivor annuitant predeceases him or unless the member is awarded a divorce or becomes married subsequent to the election of the option. In such cases, the annuitant shall have the right to reelect an option and to nominate a beneficiary or a new survivor annuitant and to have his annuity recomputed to be actuarially equivalent as of the date of recomputation to the annuity in effect immediately prior to the recomputation. In

8

> no other case shall a benefit plan be changed by an annuitant.

71 Pa.C.S. §5907(j) (emphasis added). Similarly, section 249.7(d) of the Board's regulations provides, in pertinent part, that:

> A member who terminates State service, who is eligible to elect to withdraw his total accumulated deductions, or vest his retirement rights, or receive an immediate annuity, shall, by exercising the election, be deemed to have made an irrevocable choice which may not be changed unless the change was made prior to the effective date of termination of service. . .An election to receive any of the three benefits made after the effective date of termination of service shall be deemed to be irrevocable and no change may be permitted, except to elect early retirement from vesting.

4 Pa. Code §249.7(d) (emphasis added).

Further, while a member may name anyone as a beneficiary or survivor annuitant and may change beneficiaries at any time and as often as he/she desires under section 5907(j) of the Retirement Code, this Court has previously held that the General Assembly has created no right in the spouse of a member to a SERS death benefit. *Hoffman v. Pennsylvania State Employees Retirement Board*, 743 A.2d 1014, 1017 (Pa. Cmwlth. 2000).

Nevertheless, Petitioner advances three separate arguments as to why the Board erred in denying her request to be paid additional benefits as the surviving spouse of Decedent. First, Petitioner alleges that SERS's failure to obtain her signoff on Decedent's retirement election constituted sexual discrimination in violation of the United States Constitution and Article 1, section 28 of the Pennsylvania Constitution.[3] However, Petitioner does not attempt to explain how SERS sexually

---

[3] Article 1, section 28 of the Pennsylvania Constitution, referred to as the Commonwealth's Equal Rights Amendment, provides that "[e]quality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." PA. CONST.
**(Footnote continued on next page…)**

9

discriminated against her or how the Equal Rights Amendment would provide her relief. Additionally, as the hearing officer correctly observed, the benefit options provisions of the Retirement Code "are not predicated upon traditional or stereotypical roles of men or women. Instead, the Retirement Code in its written form and application applies equally to members of both genders, and to their respective spouses." (R.R. at 19.) Indeed, our Pennsylvania Supreme Court has declined "to invalidate a statute that makes no distinctions based on gender." *Weaver* 975 A.2d at 572. Moreover, in *Teti*, we specifically held that "the Retirement Code does not require a member's spouse to consent to the member's election of a benefit option." *Id.*, 981 A.2d at 404-05. Thus, the fact that Petitioner is not entitled to any survivor benefits is not a consequence of her gender and we find no merit to her sexual discrimination argument.

Next, Petitioner argues that SERS's failure to obtain her signoff on Decedent's retirement election violated ERISA. However, in *Teti*, we specifically recognized that ERISA "does not apply to government plans, including the SERS plan." *Id.*, 981 A.2d at 405 n.8. In fact, Petitioner acknowledged this inapplicability

---

**(continued…)**

art. I, §28. Our General Assembly has essentially codified the Equal Rights Amendment, by stating that:

> **General rule.** — In recognition of the adoption of section 28 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that where in any statute heretofore enacted there is a designation restricted to a single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this Commonwealth because of the sex of the individual.

1 Pa.C.S. §2301(a).

in both the stipulation filed with the Board, R.R. at 64, and in her brief to this Court, Brief of Petition at 7-8.

Finally, Petitioner argues that SERS's failure to obtain her signoff on Decedent's retirement election is violative of the Divorce Code. In other words, Petitioner claims that the spousal pension provisions of the Divorce Code provide her with an equitable interest in Decedent's pension. However, this contention directly contradicts this Court's decision in *Teti*, wherein we rejected the claimant's argument that her deceased husband's SERS pension was a marital asset under the Divorce Code, stressing that the claimant and the deceased remained married at the time of his death. *Id.*, 981 A.2d at 405.

Because Petitioner has failed to establish any sexual discrimination on the part of SERS or any entitlement to Decedent's retirement benefits under ERISA or the Divorce Code, the Board did not err in denying Petitioner's request to be paid additional benefits as the surviving spouse of Decedent.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eleanor Yale (Account of Frank Yale), :
              Petitioner :
               :   No. 178 C.D. 2016
          v. :
               :
State Employees' Retirement System :
(SERS), :
           Respondent :

## *ORDER*

AND NOW, this 18th day of January, 2017, the order of the State Employees' Retirement Board, dated January 15, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge