J-S58007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMRO AYMAN ELANSARI | |
| Appellant | No. 2235 MDA 2015 |

Appeal from the Judgment of Sentence November 30, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000408-2015

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED OCTOBER 18, 2016**

I concur with the learned majority's affirmance of Appellant's judgment of sentence.  However, I respectfully dissent from its conclusion that Appellant's first four claims are not properly developed for our review.

Amro Ayman Elansari appeals *pro se*[1] from his judgment of sentence entered on November 30, 2015, following his conviction of eight counts of possession with intent to deliver a controlled substance ("PWID"), four counts of possession of a controlled substance, one count of possession of

---

[1] Appellant was allowed to proceed *pro se* herein after a hearing conducted pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

---

*  Retired Senior Judge assigned to the Superior Court.

drug paraphernalia, and three counts of criminal use of a communication facility.

Appellant's charges stem from three separate drug transactions wherein he supplied a confidential informant ("CI") with marijuana and marijuana wax.[2]  Appellant arranged and facilitated these transactions through his cellular telephone.  On those occasions, he provided the CI with one-half ounce of marijuana, one-half ounce of marijuana and .4 grams of marijuana wax, and twenty-seven grams of marijuana and .8 grams of marijuana wax, respectively.  Utilizing information provided by the CI, State College police executed a search warrant at Appellant's residence.  Officers recovered 31.9 grams of marijuana, 13.2 grams of marijuana wax, $240.00 dollars, including $180.00 in pre-recorded bills, various marijuana paraphernalia, and Appellant's cellular telephone.

Following Appellant's conviction at a bench trial, the court sentenced Appellant to ninety-five days to twenty-three and one-half months incarceration, followed by three years probation.  Appellant filed a timely post-sentence motion raising the claims at issue herein, which the trial court denied.  Subsequently, Appellant filed this timely appeal.  The court did not

_____

[2] Marijuana wax is a mass of concentrated Tetrahydrocannabinol ("THC") similar in appearance to honey or butter, and containing extraordinarily high levels of THC.

direct Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal, nor did it author its own Rule 1925(a) opinion.

Appellant raises five issues for our consideration:

1. Are the statutes prohibiting marijuana unconstitutional because they violate due process?

2. Are the statutes prohibiting marijuana subject to strict scrutiny because they burden the certain fundamental rights of 'free exercise of religion' and medical necessity?

3. Do the statutes prohibiting marijuana fail to pass strict scrutiny because they lack (a) compelling government interest and (b) narrowly tailored and (c) utilize least intrusive means?

4. Are the statutes prohibiting marijuana subject to rational basis at a minimum; and do the statutes prohibiting marijuana fail to pass rational basis because the statutes cannot conceivably (a) be in rational relation to the furtherance of (b) a legitimate government interest; the legitimate government interest being health and safety, but the statutes not rationally related to the furtherance thereof based on the statistics of (1) alcohol and tobacco, which are legal, killing a combined 500,000 people per year and (2) marijuana killing, if not zero people, much less than those?

5. Did the court err in (1) convicting the [A]ppellant of the charges against him despite his constitutional and affirmative defenses presented at the omnibus pretrial motion hearing and (2) barring him from presenting further evidence at trial to support his defense; both of which were in violation of Appellant's due process rights?

Appellant's brief at 6-7.

The majority affirmed Appellant's judgment of sentence after concluding Appellant's brief failed to properly develop his claims for review. Majority Judgment Order at 2. The majority finds that Appellant's brief falls

"well below the minimum standards delineated in our Rules of Appellate Procedure," noting that Appellant provided minimal citation to the record, and did not "cogently discuss" relevant legal authority. *Id*. at 3. Further, the majority observes Appellant's brief is "rambling and nearly unintelligible." *Id*. Hence, it concludes these defects preclude meaningful appellate review. *Id*. at 4. I disagree.

Notwithstanding the defects present in Appellant's brief, as it relates to Appellant's first four issues, I find that his brief is not so substantially infirm as to impede effective appellate review. I preliminarily note that, the Commonwealth did not object to the defects present in Appellant's brief, but rather, ably set forth its position in a fifteen page argument outlining the relevant facts and law. Although this does not salvage the deficiencies apparent in Appellant's brief, it does reveal that Appellant's arguments were discernible.

Second, Appellant's first position is abundantly clear, and need not be framed as four separate issues.[3] Stated simply, Appellant asserts that the prohibition of the possession, use, manufacture, and distribution of

_____

[3] The argument section of Appellant's brief is split into three distinct, albeit intertwined, sections.

marijuana violates substantive due process.[4]  In this vein, Appellant argues that possession, use, manufacture, and distribution of marijuana is a fundamental right, and thus, its prohibition is subject to strict scrutiny review.  Alternatively, Appellant maintains that the government can provide no rational basis for prohibiting such activities.  Appellant cites to federal and state case law in support of his position, and attempts to distinguish controlling case law.  Despite framing his first four issues separately, there is a logical thread connecting each issue to the other.  Hence, we are not in a

---

[4] Indeed, laws decriminalizing the possession of small amounts of marijuana have taken effect in Pennsylvania's urban centers, and even in Centre County, where this matter had its genesis.  ***See***, Laila Kerney, *Pittsburgh to Decriminalize Small Amounts of Marijuana*, Reuters (December 21, 2015), http://reuters.com/article/us-pennsylvania-marijuana-idUSKBN0U42O720151221; Andres Jauregui, *Philadelphia Decriminalizes Marijuana*, Huffington Post (October 2, 2014), http://huffingtonpost.com/2014/10/02/philadelphia-decriminalizes-marijuana_n_5919896.html; Dan Nephin, *Harrisburg Decriminalizes Marijuana*, LancasterOnline (July 7, 2016), http://lancasteronline.com/news/local/harrisburg-decriminalizes-marijuana/article_d7b0b19e-444b-11e6-a01f-5f489465ae3d.html; Lizzy Hardison, *State College Drops Marijuana Penalties, But Not on Penn State Campus*, PennLive (August 2, 2016), Http://www.pennlive.com/news/2016/08/state_college_drops_marijuana.html.

In addition, Pennsylvania's Act 16, legalizing medical marijuana, recently came into effect.  ***See*** 35 P.S. § 10231.101, *et seq*.  The United States Supreme Court opined that it is "the judicial duty to base [decisions] on principled reasons and neutral discussions," in order to "[create] a substantial body of law considering all sides of these issues." ***Obergefell v. Hodges***, 135 S.Ct. 2584, 2597 (2015).  Hence, I disagree with the learned majority's disposal of Appellant's claim based on procedural grounds and without availing ourselves of the opportunity to discuss the issues at hand.

position where we would have to "formulate Appellant's argument for him." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citation omitted) (wherein the court determined two of the appellant's issues were waived since the brief failed to provide any discussion of claims, failed to reasonably develop the argument, and failed to include any citation to authority).

Turning to the merits of Appellant's brief, Appellant in essence contends that the prohibition of marijuana violates the due process clause of the Fourteenth Amendment. Presumably, Appellant assails the constitutionality of 35 P.S. § 780-113(a)(30),[5] prohibiting the possession with intent to deliver marijuana, and 35 P.S. § 780-113(a)(16),[6] prohibiting the possession of marijuana, as these sections formed the basis of his conviction.

_____

[5] This section of the Controlled Substance, Drug, Device, and Cosmetic Act prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 P.S. § 780-113(a)(30).

[6] This section of the Controlled Substance, Drug, Device, and Cosmetic Act prohibits "knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 P.S. § 780-113(a)(16).

Issues raising the constitutionality of a statute present a pure question of law, and therefore, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Brooker***, 103 A.3d 325, 334 (Pa.Super. 2014). In addition, we are guided by the following standards:

> Any party challenging the constitutionality of a statute must meet a heavy burden, for we presume legislation to be constitutional absent a demonstration that the statute "clearly, palpably, and plainly" violates the Constitution. The presumption that legislative enactments are constitutional is strong. All doubts are to be resolved in favor of finding that the legislative enactment passes constitutional muster. Moreover, statutes are to be construed whenever possible to uphold their constitutionality.

***Commonwealth v. Waddell***, 61 A.3d 198, 202 (Pa.Super. 2012) (citations and quotation marks omitted).

Appellant first contends that he uses marijuana "religiously," and that his practicing faith, Islam, is supplemented by other religious ideologies. Appellant's brief at 21-22. Appellant baldly asserts that activities involving religious beliefs are subject to strict scrutiny. In addition, he claims his use of marijuana is a medical necessity since he is a cancer patient, and it provides an "anti-cancer/anti-tumoral function." ***Id***. at 22. Thus, Appellant maintains that, from either perspective, strict scrutiny review should apply as the prohibition of marijuana implicates a fundamental right. Appellant concludes that an all-out ban on marijuana is unconstitutional since the

government has not presented a compelling interest to justify its prohibition, and other, allegedly more harmful, drugs are not completely banned.

Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. In addition to most of the fundamental liberties enumerated in the Bill of Rights, the Due Process Clause also protects "certain personal choices central to individual dignity and autonomy, including intimate choices that define personal identity and beliefs." *Obergefell v. Hodges*, 135 S.Ct. 2584, 2597 (2015); *See e.g.*, *Griswold v. Connecticut*, 381 U.S. 479 (1965) (finding Connecticut law forbidding the use of contraceptives unconstitutionally intruded upon the right to privacy); *Lawrence v. Texas*, 539 U.S. 558 (2003) (finding Texas statute criminalizing two persons of the same sex engaging in intimate sexual conduct an unconstitutional intrusion of the right to privacy). A substantive due process analysis has two features:

> First, we have regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply root in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed. Second, we have required in substantive-due-process cases a careful description of the asserted fundamental liberty interest. Our Nation's history, legal traditions, and practices thus provide the crucial guideposts for responsible decision making that direct and restrain our exposition of the Due Process Clause.

*Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (citations and quotation marks omitted). The Fourteenth Amendment "forbids the government to infringe . . . 'fundamental liberty interests **at all**, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Id*. at 721 (emphasis in original, citation omitted).

Initially, we observe that Appellant's reliance on his "religious" beliefs, whatever form they may take, actually invokes the Free Exercise Clause of the First Amendment to the Constitution. *See* U.S. CONST. amend. I. Furthermore, the United States Supreme Court has previously held there is no medical necessity exception for prohibitions on manufacturing and distributing marijuana. *U.S. v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483 (2001) (finding that the federal legislature classified marijuana as a Schedule I controlled substance, and therefore, medical necessity was not a defense to the manufacture and distribution of marijuana).

Furthermore, we decline to establish the use, possession, manufacture, or delivery of marijuana as a fundamental right. The substantive rights recognized under United States Supreme Court jurisprudence all bear some relation to a person's right to autonomy or the right to privacy. *See Obergefell*, *supra*; *Griswold*, *supra*. However, the right asserted by Appellant falls outside the scope of currently recognized substantive rights. Although the use and possession of marijuana certainly

is a personal decision, it is not such an "intimate choice" as to affect one's "individual dignity." **Obergefell**, **supra** at 2597. At its best, marijuana's palliative qualities may ease the anguish associated with serious medical conditions. In its most common usage, it is merely a recreational activity. This is not the sort of conduct that we consider so essential to our concept of ordered liberty that "neither liberty nor justice would exist" if its use were prohibited entirely. **Glucksburg**, **supra**.

As the relevant portions of the Controlled Substance, Drug, Device, and Cosmetic Act ("Drug Act") do not infringe upon a fundamental right, we review the statute under the less-stringent "rational basis" test to determine whether the prohibition is "rationally related to a legitimate state interest." **Id**. at 728. This requirement is undoubtedly met here.

Appellant concedes the state has a legitimate interest in protecting the public health and safety. Appellant's brief at 20. However, he asserts that the prohibition on marijuana is not rationally related to that interest since the state permits drugs that pose a greater risk to the public health and safety to be purchased and used, namely alcohol and tobacco. Therefore, Appellant continues, the prohibition of marijuana, a drug less dangerous to the public health and safety, is without justification.

Appellant's contention misses the mark as the classification and regulation of one drug does not affect how the legislature classifies and regulates another drug. Likewise, how harmful a drug is in comparison to

another drug is similarly not a determining factor in considering whether the legislature had a rational basis for its decision to regulate that drug. Finally, the legislature is not bound to consider whether a drug, on the whole, is more beneficial than harmful, or *vice versa*. Under rational basis review, **any** rational reason to support the legislature's decision is sufficient. **Smith v. Coyne**, 722 A.2d 1022, 1026 (Pa. 1999) (noting that where no fundamental right is at issue, the appropriate analysis of a legislative enactment is to ask whether there is "any rational basis for its requirements.").

Without contesting the known benefits of medical marijuana, this Court in **Waddell**, **supra** noted that "there appears to be little doubt that smoking marijuana has both respiratory and immunologic consequences," and that other studies "suggest there are increased risks of cancer from marijuana usage unrelated to the method of delivery." **Waddell**, 61 A.3d at 205. That marijuana presents a risk to the health and safety of a citizen of this Commonwealth provides a rational basis for the legislature's prohibition of the use, possession, manufacture, and delivery of marijuana. Since Appellant's challenge does not establish that the relevant portions of the

Drug Act clearly, palpably, and plainly violate the Constitution, his claim fails.[7]

Finally, I agree with the majority that Appellant's fifth issue is waived. Appellant raises a claim contesting the sufficiency of the evidence supporting his conviction, and a procedural due process challenge alleging the trial court barred him from presenting evidence. We observe that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Johnson**, **supra** (citation omitted). Appellant devotes one-half a page to these issues, without citation to relevant authority or the record. Furthermore, in record proceedings, Appellant unapologetically admitted to his use, possession, and sale of marijuana. Thus, this claim is waived.

_____

[7] Nor is Appellant's challenge salvaged by the recent passage of Act 16, *i.e.*, Pennsylvania's Medical Marijuana Act. As we observed in **Commonwealth v. Waddle**, 61 A.3d 198, 207 (Pa.Super. 2012), "Regardless of whether there are accepted medical uses for marijuana in the United States, marijuana remains a Schedule I substance under the Drug Act." Although the Medical Marijuana Act contemplates a future amendment to the Drug Act removing marijuana from the list of Schedule I controlled substances, it did not expressly do so itself. **See** 35 P.S. § 10231.2109 ("The provisions of this act with respect to dispensaries shall not apply beginning 1,095 days from the effective date of an amendment . . . removing marijuana from Schedule I of the Controlled Substances Act."). Thus, marijuana remains a Schedule I controlled substance under the laws of Pennsylvania, and its prohibition remains in full force.

Based on the foregoing reasons I agree that Appellant's judgment of sentence should be affirmed.